Celia M. Ruiz (SBN 87671)
Janice L. Sperow (SBN 129617)
Forrest E. Fang (SBN 122805)
RUIZ & SPEROW, LLP
2200 Powell Street, Suite 350
Emeryville, CA 94608
Telephone: 510 594-7980
Fax: 510 594-7988
Email: ffang@ruizlaw.com

Attorneys for Defendants CITY OF OAKLAND and
DEANNA SANTANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DARYELLE LAWANNA PRESTON, | Case No.: 3:14-cv-2022 NC |
| Plaintiff, | Date: June 18, 2014 |
| v. | Dept: Courtroom A, 15th Floor (SF)<br>Time: 1:00 p.m.<br>Trial: Not Set |
| CITY OF OAKLAND; DEANNA SANTANA, in her individual capacity; and DOES 1 through 10, inclusive, | **DEFENDANTS CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))** |
| Defendants. | |

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

# NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on June 18, 2014, at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom A of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Magistrate Judge Nathanael Cousins of the United States District Court of the Northern District of California, defendants City of Oakland and Deanna Santana ("defendants") will and do move to dismiss the Verified Complaint For Damages and Injunctive Relief ("Complaint") of plaintiff Daryelle LaWanna Preston ("plaintiff") filed in the above-entitled action, and the First and Second Causes of Action thereunder (against defendant City of Oakland and Defendant Santana, respectively), pursuant to Federal Rule of Civil Procedure Section 12(b)(6). Defendants make this motion on the grounds that plaintiff's Complaint and the aforesaid Causes of Action fail to state a claim upon which relief may be granted.

This motion will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, records, and files herein, and any further evidence and argument that may be presented at the hearing of this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff's retaliation claims cannot survive a motion to dismiss because her allegations do not qualify her as a whistleblower. After her employment at the City of Oakland as an at-will employee was not extended, plaintiff Daryelle Preston sued her former employer for allegedly violating Labor Code Section 1102.5 and her former supervisor Deanna Santana ("Santana") for allegedly violating 42 U.S.C. Section 1983[1]. Yet she fails to state actionable retaliation claims against either defendant.

First, plaintiff's allegations show that at all relevant times she spoke and acted within the scope of her official duties, and was therefore acting as a public employee and not as a private citizen. Accordingly, she cannot assert a First Amendment retaliation claim under Section 1983 as a matter of

---

[1] This action was originally filed in Alameda County Superior Court. It was removed to this Court on May 2, 2014, based on the federal question raised by plaintiff's Section 1983 claim.

1

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

law.  Second, plaintiff cannot state a Labor Code Section 1102.5 retaliation claim because she raised only "routine personnel disclosures" that legally do not constitute whistleblowing.  Third, plaintiff never disclosed an "illegality" as Section 1102.5 requires nor was her conduct a refusal to violate the law.

Rather than accept that she was let go as an at-will employee of the City, plaintiff has sought to recast herself as a wronged whistleblower.  However, her own allegations do not qualify her for this Court's protection.  She made the subject "disclosures" as part of her job duties and the disclosures concerned routine City personnel matters and not nefarious illegalities that might lead to whistleblower status.

## II.   STATEMENT OF RELEVANT FACTS

Defendants strongly dispute plaintiff's allegations as being conclusory and lacking a factual basis.  Nonetheless, for purposes of this motion to dismiss only, defendants assume material factual allegations as true but disregard the legal conclusions and legal argument in the Complaint such as "defendants…wrongfully deprived plaintiff of her free speech rights."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir.2003); Complaint, ¶46.

Plaintiff was formerly employed by the City as its Employee Relations Director.  Verified Complaint For Damages and Injunctive Relief ("Complaint"), ¶1.  While at that job, her superior was defendant Santana, who was City Administrator.  *Id*. at ¶¶7, 14.  Plaintiff's duties as Employee Relations Director required her to oversee the City's Employee Relations Division and to head the collective bargaining process as the City's chief negotiator, which included communicating with other City officials, representatives and staff members in the course of investigating alleged violations of collective bargaining agreements, negotiating such agreements, managing personnel investigations and disciplinary actions, representing the City in employer-employee relations, and processing and investigating grievances.  *Id*. at ¶¶17, 21, 30.

In the course of carrying out her duties as Employee Relations Director[2], plaintiff made several

---

[2] Plaintiff complained to Santana that plaintiff's newly-created department had been omitted from an ordinance that gave a two percent raise to City employees.  Complaint at ¶34.  Santana took action to correct the omission.  *Id.*

2

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

| | |
|---|---|
| 1 | statements regarding internal personnel matters and investigations: (1) she raised concerns about the |
| 2 | internal process leading up Fire Chief Teresa Reed signing a Tentative Agreement with Local 55 and |
| 3 | refused to "sign off" on it (*Id*. at ¶¶3, 22, 24, 25); (2) she told City Treasurer Katano Kasaine and other |
| 4 | city officials including Santana that Kasaine was being investigated under a grievance about collecting |
| 5 | dues and was allegedly interfering with that investigation. *Id*. at ¶¶27-29, 31, 37; and (3) she refused to |
| 6 | "sign off" on a report about the City's Rainbow Teen Center. *Id*. at ¶¶18-19. |

### III. ARGUMENT

#### A. The Threshold For a Motion To Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged on the face of the complaint. *Davis v. Monroe County Bd. of Education*, 526 U.S. 629, 633 (1999); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). A court must grant the motion if the claims do not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. In order for a claim to be facially plausible, plaintiff must plead facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, courts are also "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp.*, 550 U.S. at 555. Thus, a Rule 12(b)(6) dismissal is proper when the complaint either fails to allege a "cognizable legal theory" or allege sufficient facts "to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988).

Courts will also grant a Rule 12(b)(6) motion to dismiss without leave to amend if they determine that alleging other facts consistent with the challenged complaint could not cure the deficiency. *Schreiber Distributing Co. v. Serv-Well Furniture Co.,Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Albrecht v. Lund,* 845 F.2d 193, 195-96 (9th Cir. 1988) (leave to amend denied where alleged misstatements could not be "misrepresentations" as a matter of law).

///

///

3

### B. Plaintiff Cannot State a First Amendment Retaliation Claim Under Section 1983 Because Her Speech and Actions Were Within Her Official Duties

A public employee has a qualified right under the First Amendment to the United States Constitution to make statements on a matter of public concern that are protected from employer retaliation. *Garcetti v. Ceballos,* 547 U.S. 410, 418-20 (2006). To establish a First Amendment retaliation claim, plaintiff must, among other things, plead facts establishing her official duties and demonstrating that she made the statements in her capacity as a private citizen rather than as a public employee. *Id*. at 421-22; *Carroll v. California ex rel. California Comm'n on Teacher Credentialing*, No. 2:13-CV-00249-KJM, 2013 WL 4482934, **11, 13-14 (E.D. Cal., Aug. 19, 2013); s*ee also Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009) (plaintiff must prove that she made comments in her capacity as a private citizen and not as a public employee). If plaintiff fails to plead her job duties in sufficient detail for the court to determine the scope of such duties, she fails to meet her burden to state a First Amendment retaliation claim. *Carroll*, 2013 WL at**13-14.

#### 1. Plaintiff made her subject statements as part of her Employee Relations Director job.

The First Amendment does not protect a public employee's speech made in her public capacity. The United States Supreme Court held in its leading case of *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951 (2006) that statements made by public employees pursuant to their job duties are not protected speech for First Amendment purposes. *Id*. at 421, 426. The Court reasoned that public employees are not acting as private citizens when they are simply performing their jobs for their government employer. *Id*. at 421-22. A government employer may limit job-related speech as part of its "exercise of employer control over what [it] has commissioned or created." *Id*. at 422. Employers clearly have "heightened interests in controlling speech made by an employee in his or her professional capacity." *Id*.

The Ninth Circuit relied on the United States Supreme Court's decision in *Garcetti* when it held that internal complaints and even statements made to outside investigators by public employees while exercising their job responsibilities are not protected speech under the First Amendment. *See, e.g.*, *Hagen v. City of Eugene,* 736 F.3d 1251, 1257-59 (9th Cir. 2013) (police officer's internal complaints

4

---

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

about safety risks to officers and the public from poorly trained SWAT officers was made pursuant to his job duties and was not protected); *Huppert v. City of Pittsburg*, 574 F.3d 696, 706-08 (9th Cir. 2009), *overruled on limited grounds*, *Dahlia v. Rodriguez*, 735 F.3d 1060, 1070-71[3] (9th Cir. 2013) (police officer's statements to FBI and testimony to grand jury regarding his knowledge of corruption were made pursuant to his duties as police officer and were therefore not protected speech); *Freitag v. Ayers*, 468 F.3d 528, 546 (9th Cir. 2006) (correctional officer's internal reports of sexual harassment made pursuant to her job duties were not protected under First Amendment because they were not made as a citizen).

In *Huppert*, the plaintiff police officer claimed that his superiors retaliated against him after he cooperated with the FBI and with a county grand jury that were investigating possible corruption within his police department. 574 F.3d at 706-07. Though plaintiff asserted that he had spoken "outside [his] duties" as a police officer, the court concluded that he had a duty as a police officer to disclose facts known to him which tended to incriminate another person, and had therefore made his statements to the FBI and the grand jury as a police officer, and not as a private citizen. *Id*. at 706-08.

Like the police officer in *Huppert*, plaintiff herein had a duty to communicate with her employer about matters that were within her job responsibilities. In her own Complaint, she admits that she was responsible for overseeing the Employee Relations Division and heading the City's collective bargaining process as its Chief Negotiator, and that her job duties included negotiating and investigating violations of collective bargaining agreements, managing personnel investigations and disciplinary actions, and processing and investigating grievances. Complaint, ¶¶17, 21, 30.

Plaintiff's statements on which she bases her First Amendment retaliation claim fall within the broad scope of her duties as Employee Relations Director. Plaintiff's internal statements about Fire Chief Reed's allegedly unauthorized collective bargaining and the resulting Tentative Agreement were part of her job duties, for she claimed in her Complaint that she was the City's Chief Negotiator who oversaw collective bargaining negotiations. *See id*. at ¶¶17, 21. Similar to the police officer's duties

---

[3] The court in *Dahlia* overruled *Huppert* only to the extent it relied on a "generic job description" to define the employee's duties instead of conducting a practical inquiry into those duties. *See Dahlia*, 735 F.3d at 1070-71. That issue is not present here, for the description of plaintiff's job duties originate in the allegations in her own Complaint. *See* Complaint, ¶17.

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

cooperate with the FBI as part of his job in *Huppert*, plaintiff's internal statements about a grievance and a grievance investigation against Kasaine were simply part of her (plaintiff's) duties to investigate and process grievances. *Id.* at ¶17. Were it otherwise, any at-will personnel director charged with investigating grievances could insulate herself from being released from employment by asserting a First Amendment retaliation claim for simply mentioning a grievance in the course of her job.

Plaintiff's job duties also included her internal statements about potential or actual wrongdoing and the investigation of potential wrongdoing by City employees (e.g., Treasury Manager Kasaine) and officials (e.g., Councilmember Brooks), for she was responsible for overseeing and investigating such wrongdoing and exploring possible disciplinary action. *Id*. Her duties also encompassed her complaint about the Employee Relations Division being omitted from a wage increase ordinance, since she was the Division's Director and was responsible for overseeing its operations, of which a wage increase to the Division's employees would have been part. *Id*.

Since plaintiff's statements were part of her job duties as Employee Relations Director, she was making them as a public employee and not as a private citizen. Therefore, under *Garcetti*, the First Amendment does not protect them. On this basis alone, plaintiff cannot establish a *prima facie* claim for First Amendment retaliation under Section 1983 *as a matter of law*. The Court should grant Defendant Santana's motion to dismiss as to plaintiff's Second Cause of Action for "violation of free speech rights" under Section 1983 without leave to amend because according to plaintiff's own complaint her statements do not qualify as public speech.

**2. Alternatively, plaintiff failed to plead her job duties in sufficient detail to state a claim for First Amendment retaliation.**

Alternatively, to the extent this court cannot determine whether plaintiff's alleged statements are encompassed within her own description of her job duties, plaintiff has failed to adequately plead her claim for First Amendment retaliation. As noted above, plaintiff bears the burden of pleading sufficient facts about her job duties to enable the court to determine whether her statements were made as a public employee or as a private citizen. *Carroll*, 2013 WL at\*\*13-14. In *Carroll*, the plaintiff, a staff attorney for a state commission, claimed she had been fired for making internal and external complaints about

6

"improper and illegal activities" by the commission. *Id*. at *1. The court concluded in part that plaintiff had not adequately pled the content of her job duties that would enable the court "to discern the factual details necessary to make the 'practical' inquiry *Garcetti* requires." *Id*. at *13. As a result, plaintiff had not met her burden to state a First Amendment retaliation claim. *Id*.

Here, plaintiff's statements in her Complaint appear to clearly encompass the scope of her job duties, but should the Court disagree, then, as in *Carroll*, plaintiff would still fail to meet her burden of stating a claim for First Amendment retaliation under Section 1983.

### C. Neither Has Plaintiff Stated a Labor Code Section 1102.5 Retaliation Claim as a Matter of Law

Labor Code Section 1102.5 precludes an employer from retaliating against an employee for engaging in a protected activity such as whistleblowing or refusing to participate in an activity that would violate the law. Lab. Code, §§1102.5(b), (c); *Carter v. Escondido Union High School District,* 148 Cal. App. 4th 922, 933 (2007). The disclosures must also be reasonable. *See* Lab. Code, §1102.5(b). To establish a *prima facie* claim for retaliation under Section 1102.5, plaintiff must show that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) there is a causal link between the two. *Akers v. County of San Diego,* 95 Cal. App. 4th 1441, 1453 (2002).

#### 1. Plaintiff's statements about Reed and Kasaine concerned internal personnel matters.

Disclosures made in the context of *internal personnel matters* do not qualify as whistleblowing as a matter of law and therefore do not constitute protected activity under Section 1102.5. *Carter,* 148 Cal. App. 4th at 933-34; *Patten v. Grant Joint Union High School District,* 134 Cal. App. 4th 1378, 1384-85 (2005). Such disclosures do not rise to the level of whistleblower status because to do so would improperly "thrust the judiciary into micromanaging employment practices and create a legion of undeserving protected 'whistleblowers'" from routine workplace communications, which is essentially what plaintiff is asking this Court to do. *Patten*, 134 Cal. App. 4th at 1385.

In *Carter*, the plaintiff basketball coach claimed that the defendant school district had retaliated

7

---

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

against him by terminating his employment after he informed a district athletic director that a football coach had recommended a nutritional supplement to a student athlete who was later hospitalized for kidney problems. 148 Cal. App. 4th at 925, 926-27. The court held in pertinent part that the plaintiff's statement to the athletic director that the coach had recommended a protein shake to a student was not a protected act under Labor Code Section 1102.5 because it concerned an "internal personnel matter" that did not amount to whistleblowing. *Id*. at 933-34. The statement was, "at its core", an internal disagreement about the conduct of coaches. *Id*. at 934.

Similarly, in the instant case, plaintiff's statements about Fire Chief Reed, staff person Winnie Anderson and City Treasurer Kasaine were internal personnel disclosures about their adherence to internal procedures or their status. As to Reed, plaintiff alleges that she informed Santana and the City Attorney that Reed had signed a Tentative Agreement with Local 55. Complaint, ¶¶22-23. As to Kasaine, plaintiff alleges that she told Kasaine, Santana and the City Attorney that Kasaine was subject to a grievance, and told Santana that Kasaine was "violating the grievance investigation." *Id.*, ¶¶27-29, 37. Both statements were at most internal disagreements with Reed's and Kasaine's behavior that fell short of whistleblowing. Like *Carter*, these statements at their core embody an internal dispute as to how to best handle collective bargaining, union dues, and grievances *within the City*. If such internal disputes were treated as whistleblowing, they would place courts in the untenable position of micromanaging workplace operations and would enable any public entity employee to insulate herself from disciplinary action by using any internal personnel dispute as the basis for a retaliation claim.

**2. Plaintiff's statements about Reed, Kasaine, a possible outside auditor and a new ordinance did not reference a violation of law.**

Nor does a disclosure constitute a protected activity within the meaning of Labor Code Section 1102.5 if it does not reference a purported violation of law, much less show a reasonable belief that such law was violated. *Carter,* 148 Cal. App. 4th at 933-34; *Love v. Motion Industries, Inc.,* 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004). In *Love*, plaintiff claimed he had been terminated for expressing safety concerns to a newspaper and a state senator's office he believed he had uncovered during a review of his company's ball bearing specifications for a bridge project. 309 F. Supp. 2d at 1134. The court

8

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

concluded that plaintiff had not engaged in protected activity because he did not allege a specific federal or state violation through his stated concerns. *Id*. In the *Carter* case discussed above, the court held that another reason plaintiff coach's disclosure of another coach's protein shake recommendation was not protected under Section 1102.5 was that it did not disclose a violation of law, since the law plaintiff cited did not prohibit teachers from recommending weight-gaining substances to students. *Id*. at 932-33.

  Similar to the plaintiffs in *Love* and in *Carter*, plaintiff herein either did not allege a federal or state violation through her disclosure or did not have a reasonable basis for asserting such a violation. Plaintiff's statements that Kasaine was subject to a grievance and a grievance investigation and plaintiff's request for an outside auditor to investigate were merely neutral factual statements that did not allege a violation and were therefore not protected disclosures. *See Mize-Kurzman v. Marin Community College District*, 202 Cal. App. 4th 832, 859 (2012)(efforts to determine whether a practice violates the law are not protected disclosures). Nor did plaintiff's complaint that her newly created department was not included in a wage ordinance allege a violation of law. Plaintiff's complaint that Fire Chief Reed entered into a Tentative Agreement with Local 55 alleged no final contract and did not assert facts showing that the Tentative Agreement was enforceable or could otherwise confer "additional economic benefits" upon Local 55 without first being ratified by its members or by the City. *See, e.g., Mariscal v. Employee Relations Bd.,* 187 Cal. App. 4th 164, 173 (2010) (tentative agreement with City subject to ratification by union's Local 347). Nor did plaintiff reference a violation of law by stating that Reed had signed a Tentative Agreement in any event.

  Since plaintiff's statements disclosed no violation or reasonable basis for a violation, her disclosures were not protected under Section 1102.5.

  **3. Plaintiff's alleged refusal to "sign off" on a report on the Rainbow Team Center or on Reed's Tentative Agreement and her statements at two City Council meetings that differed from what Santana had requested were not refusals to violate the law.**

Labor Code Section 1102.5(c) precludes an employer from retaliating against an employee who refuses to participate in an activity that would result in a violation of law. Acting in accordance with the law, however, is not synonymous with "refusing" to violate the law. Thus, in *Bursese v. PayPal, Inc.*, No. C-06-00636RMW, 2007 WL 485984 (N.D. Cal., Feb. 12, 2007), the court rejected plaintiff's

9

argument that he had "refused" to participate in activity that would violate a federal statute within the meaning of Labor Code Section 1102.5(c) by reporting a potential violation of third-party intellectual property rights. *Id*. at *9.

Like the plaintiff in *Burses*, plaintiff's statement to the City Council that Councilmember Brooks was not present at a certain meeting regarding the Rainbow Teen Center and her informing the City Council of the SEIU's grievance against Kasaine were not "refusals" to violate the law, though they were allegedly not what Santana had requested. Moreover, plaintiff's alleged refusal to "sign off" on a report about the Rainbow Teen Center and on Reed's Tentative Agreement with Local 55 did not assert any refusal by her to violate state, federal, or local law at all.

Plaintiff's allegations therefore do not constitute a refusal to violate the law within the meaning of Labor Code Section 1102.5. Defendant City's motion to dismiss plaintiff's First Cause of Action under Section 1102.5 must be sustained.

## IV.   CONCLUSION

For the reasons stated above, defendants the City of Oakland and Deanna Santana respectfully request that their motion to dismiss the First and Second Causes of Action of plaintiff's Complaint be granted in its entirety without leave to amend.

Dated:  May 9, 2014                                            RUIZ & SPEROW, LLP

                                                               _____//s// Forrest Fang_____
                                                               FORREST FANG
                                                               Attorneys for CITY OF OAKLAND and
                                                               DEANNA SANTA

10

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2200 Powell Street, Suite 350, Emeryville, California 94608.  On May 9, 2014, I caused the following document(s) to be served by the method indicated below:

- DEFENDANTS CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))

xx☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Emeryville, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐    by transmitting via email to the person(s) at the email address(es) listed below.

Sonya Z. Mehta
Siegel & Yee
499 14th St., Suite 300
Oakland, CA 94612

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 9, 2014, at Emeryville, California.

                                                      __//s// A. Fabian Silveyra_____
                                                      A.  Fabian Silveyra

**DEFENDANTS' CITY OF OAKLAND AND DEANNA SANTANA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS (FEDERAL RULE OF CIVIL PROCEDURE SECTION 12(b)(6))**