UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DARYELLE LAWANNA PRESTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND; DEANNA SANTANA, in her individual capacity; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 3:14-cv-02022 NC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Defendants City of Oakland and Deanna Santana move to dismiss plaintiff Daryelle Preston's complaint that alleges defendants violated California Labor Code § 1102.5 and Preston's First Amendment right to free speech by terminating her employment after she reported violations of state and local law and declined to follow her superior's instructions to provide false reports and conceal information from the City Council. The Court finds that Preston has adequately stated claims for relief on both causes of action and accordingly denies defendants' motion to dismiss.

## I. BACKGROUND

Daryelle Preston was employed as the Employee Relations Director of the City of Oakland at the time of the alleged violations. Preston's duties were to oversee the Employee Relations Division, including negotiating collective bargaining agreements,

Case No. 14-cv-02022 NC
ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

investigating violations of collective bargaining agreements, managing disciplinary actions and investigations, and processing grievances. Dkt. No. 2-1 at ¶ 17. Preston alleges three distinct actions she claims led to her firing.

First, Preston alleges that she was retaliated against for refusing to follow an order from her superior, City Administrator Deanna Santana, to falsify official reports that would wrongly state that Oakland City Councilwoman Desley Brooks had intentionally approved illegal hiring practices at Oakland's Rainbow Teen Center and signed off improperly on equipment receipts. *Id.* at ¶¶ 2, 18. Preston alleges that, if true, such actions would have violated Oakland City Charter § 218 and would have led to Brooks's removal from the City Council. *Id.* Preston states that she refused to follow the order because she had personal knowledge that Brooks had not taken such actions. *Id.* at ¶ 19. Preston also alleges that she was asked by Santana to state at an open City Council meeting that Brooks was present at a meeting where Santana explained the problems in hiring for the Rainbow Teen Center, and that Santana's office had provided the information about the hiring practices. *Id.* at ¶ 20. Preston claims she came to the microphone and stated, "I'm sorry, Desley Brooks was not present at that meeting, nor did we give Ms. Brooks any information about this hiring issue." *Id.*

Second, Preston alleges that she was retaliated against for reporting that Fire Chief Teresa Reed had directly negotiated and signed tentative agreements with Firefighters Local 55 without City Council approval, actions that Preston "reasonably believed" violated Oakland City Ordinance 12903 § 1.10. *Id.* at ¶¶ 3, 4. Preston informed both Santana and the City Attorney of Reed's actions. *Id.* at ¶¶ 22, 23. Preston alleges that Reed then convinced Preston's newest staff person, Winnie Anderson, to sign off on a tentative agreement. *Id.* at ¶ 24. Preston told Anderson that Anderson did not have the authority to sign the tentative agreement and Anderson reported this back to Reed. *Id.* Santana then called Preston and in an angry tone told her that getting City approval was a waste of time. *Id.* at ¶ 25. Preston responded that she would not intentionally violate City policy, and after this repeatedly refused Reed's requests to sign off on the tentative

agreement because of the failure to get City Council approval. *Id.*

Third, Preston alleges that she was retaliated against for reporting that City Treasury Manager Katano Kasaine failed to collect union dues from part-time employees represented by the Service Employees International Union ("SEIU"), in violation of the City's contract with SEIU as well as California Government Code § 3508.5. *Id.* at ¶¶ 5-8, 26. Subsequently, Preston twice informed Kasaine that a grievance had been filed against Kasaine for the non-collection of dues. *Id.* at ¶¶ 27-29. Preston also informed Santana and the City Attorney of the grievance. *Id.* Santana responded by email that the City Attorney's office must do the investigation because Preston's office was "biased," even though it was Preston's job duty to conduct such investigations. *Id.* at ¶ 30. Preston then called the City Attorney's office which responded that it would not conduct an investigation. *Id.* at ¶ 31. Preston requested that Santana employ an outside auditor. *Id.* Santana refused to do so, and also stated in an email to Preston that the City Administrator's office would not conduct an investigation at all. *Id.* at ¶¶ 32-33.

After formally notifying Kasaine of the grievance against her, Preston subsequently informed Santana that Kasaine was interfering with the grievance investigation in violation of California Government Code § 3506, by improperly contacting the SEIU representative of Local 1021. *Id.* at ¶¶ 36-37. In response, Santana told Preston to not inform the City Council about the grievance against Kasaine. *Id.* at ¶¶ 37-39. But at a closed City Council meeting on October 1, 2013, Preston responded to questions from the Council regarding the grievance, and informed the Council that SEIU had filed a grievance against Kasaine. *Id.* at ¶ 40. Preston was terminated from City employment two days later. *Id.* at ¶ 41.

Preston filed this lawsuit on March 17, 2014, in Alameda County Superior Court. Dkt. No. 2-1. After removing the action to this Court, the City of Oakland and Santana filed a motion to dismiss on May 9, 2014. Dkt. No. 6. The Court has jurisdiction over Preston's First Amendment claim under 28 U.S.C. § 1331, and her state law claim under 28 U.S.C. § 1367. All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 8, 9.

Case No. 14-cv-02022 NC
ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

3

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

In her complaint, Preston brings claims against the City of Oakland for violation of California Labor Code § 1102.5, and against Deanna Santana, in her individual capacity, and Does 1-10 for First Amendment violations under 42 U.S.C. § 1983. Dkt. No. 2-1. Defendants have moved to dismiss both claims for failure to state a claim. Dkt. No. 6. The Court addresses the arguments against each claim in turn, and finds in both instances that Preston pleads facts sufficient to state a claim for relief.

**A. The Complaint States a Claim for Retaliation for Protected Speech.**

Preston brings a claim for relief under 42 U.S.C. § 1983, alleging that defendant Santana "wrongfully deprived plaintiff of her free speech rights . . . by participating in adverse employment actions against plaintiff in retaliation for her speech addressing issues of public concern and refusing to participate in unethical and unlawful conduct by defendants." Dkt. No. 2-1 at ¶ 46.

"It is well settled that the state may not abuse its position as employer to stifle 'the First Amendment rights [its employees] would otherwise enjoy as citizens to comment on

Case No. 14-cv-02022 NC
ORDER DENYING DEFENDANTS'
MOTION TO DISMISS                                4

matters of public interest.'" *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013), *cert. denied sub nom.*, *Burbank, Cal. v. Dahlia*, No. 13-620, 2014 WL684080, at *1 (U.S. Feb. 24, 2014) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)). The Ninth Circuit has developed a five-step inquiry for First Amendment retaliation cases involving public employees, which asks:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Id.* (quoting *Eng*, 552 F.3d at 1070). "[A]ll the factors are necessary, in the sense that failure to meet any one of them is fatal to the plaintiff's case." *Id.* at 1067 n.4.

Here, defendants contend that Preston cannot meet the second step of the inquiry because her statements and actions were within her official duties as Employee Relations Director of the City of Oakland. Dkt. No. 6 at 4. The proper inquiry into Preston's official duties is a practical one, as "formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 424-25 (2006). Furthermore, as the Supreme Court recently stated, "the mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech." *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014). "The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id.*

The Ninth Circuit has developed three guiding principles that "serve as a necessary guide to analyzing the fact-intensive inquiry mandated by *Garcetti*." *Dahlia*, 735 F.3d at

1076. First, "whether or not the employed confined his communications to his chain of command"; second, "the subject matter of the communication"—for example, whether the communication is a routine report about a single incident or raises broader concerns about corruption or systemic abuse; and third, whether the speech followed from or was in "direct contravention to [a] supervisor's orders." *Id.* at 1074-76. The Court applies these guiding principles to the facts alleged in Preston's complaint.

First, Preston alleges that she reported Reed's unlawful negotiations with Local 55 and Kasaine's interference with the grievance process to Santana, who as City Administrator, was Preston's superior. Dkt. No. 2-1 at ¶ 7. But Preston also states that she informed the City Attorney about Reed's unlawful negotiations with Local 55, and about the SEIU grievance against Kasaine. *Id.* at ¶¶ 23, 29, 31. Preston also provided information at an open City Council meeting regarding City Councilwoman Brooks's knowledge of the hiring practices at the Rainbow Teen Center and told the City Council at a closed meeting that SEIU had filed a grievance against Kasaine. *Id.* at ¶¶ 20, 40. Preston has thus alleged facts based on which it could be reasonably inferred that the communications at issue were not confined to her chain of command.

Second, Preston alleges that she was asked to make false accusations against City Councilwoman Brooks to the City Council, to conceal from the City Council a grievance against a City official, and to participate in or ignore actions by others that violated local and state law. *Id.* at ¶¶ 18-20, 25, 39-40. Construed in favor of Preston, these allegations go beyond the routine reporting of a single incident and instead raise concerns about systemic problems. Third, in her complaint, Preston alleges multiple instances, such as when she refused to lie to the City Council about the actions of City Councilwoman Brooks, or when she testified to the City Council about the SEIU grievance against Kasaine, when her speech was in contravention of the orders of Santana, her superior. *Id.* at ¶¶ 20, 39-40. Taking these factual allegations as true, they support the reasonable inference that Preston acted outside her professional duties and her speech is therefore protected under the First Amendment.

Finally, defendants argue that, if the Court cannot definitively say whether Preston's statements are within her job duties, the Court must dismiss Preston's complaint because she has failed to plead her job duties in sufficient detail to state a claim for retaliation. *See* Dkt. No. 6 at 6-7. The Court disagrees. Contrary to defendants' assertion, to find that Preston has stated a claim for First Amendment retaliation, the Court need only determine that her pleadings support the reasonable inference that her actions were outside her official duties. *See Iqbal* at 556 U.S. at 678. As noted above, Preston has done so.

**B.  The Complaint States a Claim for Violation of § 1102.5.**

Preston also brings a claim alleging that the City of Oakland violated California Labor Code § 1102.5 when it retaliated against her after she disclosed violations of municipal and state law and refused to take part in unlawful activities. Dkt. No. 2-1 at ¶ 44. Section 1102.5(b) provides:

> An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

Cal. Lab. Code § 1102.5(b) (2004).[1] The City moves to dismiss this claim, arguing that none of Preston's disclosures reference a purported violation of law and attempting to characterize the disclosures as mere internal personnel matters. Dkt. No. 6 at 7-10.

Here, Preston's complaint alleges that she reported to Santana that City Treasury Manager Kasaine was violating California Government Code § 3508.5 by failing to collect union dues from temporary part time employees represented by SEIU and, later, violating § 3506 by interfering with the grievance investigation. Dkt. No. 2-1 at ¶¶ 5, 7, 37. Preston's complaint thus adequately alleges that her disclosures referenced a suspected violation of state statute or noncompliance with a state rule or regulation that could reasonably be inferred to go beyond internal personnel matters. *See* Cal. Lab. Code § 1102.5(b). The facts alleged in the complaint here support a reasonable inference that the City retaliated against Preston after she reported information to her superior that disclosed a violation of or

---

[1] California Labor Code § 1102.5(b) was amended effective January 1, 2014.

Case No. 14-cv-02022 NC
ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

7

noncompliance with state law.

## IV. CONCLUSION

Construing the complaint in Preston's favor, the Court concludes that it adequately states claims for relief for violations of the First Amendment and of California Labor Code § 1102.5.  Accordingly, the Court denies defendants' motion to dismiss.

IT IS SO ORDERED.

Date: July 29, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge