1  Camille Hamilton Pating (SBN 122890)
   E-mail: *cpating@meyersnave.com*
2  Geoffrey Spellberg (SBN 121079)
   E-mail: *gspellberg@meyersnave.com*
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, California 94607
   Telephone: (510) 808-2000
5  Facsimile: (510) 444-1108

6  Barbara J. Parker, City Attorney (SBN 069722)
   Otis McGee, Jr., Chief Asst. City Attorney (SBN 71885)
7  Maria Bee, Supervising Attorney (SBN 167716)
   James F. Hodgkins, Supervising Trial Attorney (SBN 142561)
8  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
9  Telephone: (510) 238-6135
   Facsimile: (510) 238-6500

10
   Attorneys for Defendants
11 CITY OF OAKLAND and DEANNA
   SANTANA
12
                    UNITED STATES DISTRICT COURT
13
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
14

15 DARYELLE LAWANNA PRESTON,              Case No. 3:14-cv-2022 NC

16           Plaintiff,                   **DEFENDANT CITY OF OAKLAND AND
                                          DEANNA SANTANA'S NOTICE OF
17      v.                                MOTION AND MOTION FOR
                                          DISQUALIFICATION OF PLAINTIFF'S
18 CITY OF OAKLAND; DEANNA                ATTORNEYS AND FOR ORDER
   SANTANA, in her individual capacity; and   REQUIRING RETURN OF
19 DOES 1 through 10, inclusive,          DOCUMENTS; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
20           Defendants.                  SUPPORT THEREOF**

21                                        Date:    January 28, 2015
                                          Time:    2:00 p.m.
22                                        Ctrm.:   No. 7

23                                        Assigned for All Purposes to:
                                          Magistrate Judge Nathanael Cousins
24
                                          Action Filed:   March 17, 2014
25                                        Trial Date:     September 14, 2015

26

27

28
                                                        Case No. 3:14-cv-2022 NC
───────────────────────────────────────────────────────────
DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

**PLEASE TAKE NOTICE THAT** on January 28, 2015 at 2:00 p.m., Defendants will and hereby do move this Court for Orders: (1) disqualifying Plaintiff's attorneys Siegel & Yee (and all lawyers and paralegals associated with the firm) from serving as counsel for Plaintiff or otherwise assisting Plaintiff in her prosecution of the action; and (2) requiring Plaintiff and her attorneys to return and/or permanently delete all documents of any kind, especially those that are attorney client privileged, that Plaintiff improperly took from Defendant the City of Oakland ("the City") when she was terminated from employment with the City.

This Motion is made on the grounds that Plaintiff improperly took from the City numerous documents which belong to the City, including at least 57 pages of attorney client privileged documents that Plaintiff's attorneys have improperly reviewed, analyzed and used in this litigation in violation of their ethical obligations under the decisions of *Rico v. Mitsubishi Motors Corp.*, 42 Cal.4th 807 (2007); *Costco Wholesale Corp. v. Superior Court*, 47 Cal.4th 725 (2009); and *Clark v. Superior Court*, 196 Cal.App.4th 37 (2011).

This motion is and will be supported by this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Geoffrey Spellberg (including the privileged documents submitted to the Court herewith under seal) and on the record and file herein.

DATED: December 23, 2014          MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____/s/ Geoffrey Spellberg_____
Camille Hamilton Pating
Geoffrey Spellberg
*Attorneys for Defendants CITY OF OAKLAND
and DEANNA SANTANA*

DATED: December 23, 2014

By: _____/s/ Otis McGee_____
Barbara J. Parker
Otis McGee, Jr.
Maria Bee
James F. Hodgkins
*Attorneys for Defendants CITY OF OAKLAND
and DEANNA SANTANA*

Case No. 3:14-cv-2022 NC

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.   Summary of the Argument ................................................................................................ 1

II.   Relevant Factual Background ........................................................................................... 3

III.   ARGUMENT ....................................................................................................................... 6

    A.   Applicable Legal Standards ...................................................................................... 6

    B.   California Law Prohibits An Attorney from Making Use of an Adversary's
    Privileged Documents .............................................................................................. 8

    C.   The Actions by Siegel and Yee Require that The Firm Be Disqualified ............... 9

    D.   Plaintiff Improperly Removed Other Confidential Documents From The
    City ........................................................................................................................ 11

    E.   The Court Should Order the Return of All Documents Taken by Plaintiff,
    Including the Attorney Client Privileged Documents ........................................... 12

IV.   Conclusion ........................................................................................................................ 13

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Summary of the Argument

Plaintiff Preston ("Preston" or "Plaintiff") is the former Director of Employee Relations for the City of Oakland who was dismissed for numerous instances of improper conduct. She has brought this lawsuit claiming that she was discharged in retaliation for engaging in several alleged whistle blowing activities. Preston is represented by the law firm of Siegel & Yee (hereinafter "the Attorneys").

Before and at the time that she was discharged, Plaintiff collected and took a number of City documents that she apparently felt would be helpful to her in this litigation.[1] In response to Defendant's document request (Spellberg Decl., Ex. B), Plaintiff produced 435 pages of City materials, of which 21 documents (comprising 57 pages) are attorney client privileged. Of those 21 documents, 18 are privileged documents exchanged between City officials (including the City Council) and Barbara Parker (Oakland City Attorney), or her Deputy City Attorneys Doryanna Moreno and Caryl Casden. Three of the 21 privileged documents are communications with Oakland's outside counsel, Charles Sakai and Jonathan Holtzman, from Renne, Sloan, Holtzman and Sakai ("the Renne Sloan firm").

All of the privileged documents produced by Plaintiff and at issue in this motion are designated with her Bates Stamp "LP xxx." These 21 documents are being submitted to the Court under seal for review. Redacted versions of these documents are Exhibit C to the Spellberg declaration. The substance of the communications has been redacted, but not the sender and recipients.

Most of these privileged documents involve legal advice given by the Oakland City Attorney about the exact issues that Plaintiff has raised in this litigation. Because Barbara Parker and the Oakland City Attorney's Office are defense counsel of record in this case, this means that

---

[1] For example, Exhibit A to the Spellberg Declaration shows that Plaintiff was emailing internal City documents directly to her lawyer (Dan Siegel) from her City computer while she was still employed.

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

1   Plaintiff and her attorneys have intentionally reviewed and analyzed defense counsel's legal

2   analyses of the very same issues raised by Plaintiff in this lawsuit. What could be more prejudicial

3   to Defendants then to have their internal legal analysis about key litigation issues given to

4   opposing counsel?

5         A chart is set out below which shows how virtually every attorney client communication

6   discusses and in some instances analyzes the issues that Plaintiff has raised in her complaint. The

7   evidence supporting this motion is unequivocal that the Attorneys possess, have examined, and are

8   using to prosecute this litigation almost two dozen attorney client protected documents that

9   Preston stole from the City. Unquestionably, this constitutes misconduct compelling the Court to

10  disqualify the Attorneys from further representing Plaintiff in this action.

11        Under controlling California law,[2] after realizing that documents appear to contain another

12  party's privileged or work product information, an attorney who receives those documents must

13  (1) refrain from even looking at them any more than is essential to ascertain if the materials are

14  privileged, and (2) immediately notify the sender that he or she possesses material that appears to

15  be privileged. *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817 (2007); *Clark v. Superior*

16  *Court*, 196 Cal. App. 4th 37, 53 (2011). An attorney's failure to comply with these standards can

17  "compel disqualification." *Rico*, 42 Cal.4th at 819. The determination whether a document is

18  privileged does not include a review of the contents of the document or communication - only an

19  examination of the relationship between the participants to the communication is permitted.

20  *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 739 (2009) ("And because the

21  privilege protects a transmission irrespective of its content, there should be no need to examine the

22  content in order to rule on a claim of privilege.")

23        Preston's attorneys violated this clear standard by not only reviewing in detail and failing

24  to return City of Oakland's privileged communications, but by analyzing the documents for

---

[2] California law applies in determining matters of disqualification. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("[W]e apply state law in determining matters of disqualification"); *Advanced Messaging Techniques, Inc. v. EasyLink Services Intern. Corp.*, 913 F. Supp. 2d 900 (C.D. Cal. 2012) ("The Ninth Circuit, however, has made clear that a federal court in California must apply California law in a disqualification motion.").

1  relevance and then producing them to Oakland in this case. These purposeful ethical violations
2  require the Court to disqualify Siegel & Yee from any further work or involvement in this case.

3       In addition, Defendants seek an order requiring Plaintiff (and the Attorneys) to return every
4  document (including all privileged documents) that Plaintiff took from the City when she was
5  discharged.  All documents taken by Plaintiff, including hard copy and electronic documents, must
6  be ordered returned and all electronic versions deleted from every computer and storage device
7  used by Plaintiff and her Attorneys.

8  **II.    Relevant Factual Background**

9       Preston is the former Director of Employee Relations for the City of Oakland. The Director
10 of Employee Relations is a high level, "at will" position reporting directly to the City
11 Administrator. In her capacity as Director of Employee Relations, Preston was privy to and
12 participated in attorney client privileged communications. She worked with members of the
13 Oakland City Attorney's Office, as well as outside legal counsel, with respect to myriad sensitive
14 labor relations issues.

15      Preston was dismissed from employment on October 3, 2013. Following that termination,
16 Preston filed a complaint against the City of Oakland alleging violations of Labor Code section
17 1102.5 and 42 U.S.C. section 1983.

18      As the litigation progressed, Defendants served a document request seeking all relevant
19 documents. (Spellberg Dec., Ex. B.) Those requests show that Defendants sought production of
20 documents that relate to key allegations raised in Plaintiff's Complaint.  Those are:

21      1.     The Rainbow Teen Center issues, and specifically the report prepared about those
22 issues. (Complaint ¶¶ 18-20)

23      2.     The Local 55 negotiations and signed Tentative Agreement with Local 55.
24 (Complaint ¶¶ 22-25)

25      3.     The City's alleged failure to collect SEIU dues from Temporary Part Time
26 employees and the alleged failure to investigate the issue. (Complaint ¶¶ 26-33, 35-40)

27      4.     The alleged failure to properly implement a two percent wage increase. (Complaint
28 ¶ 34)

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

In response to the document requests related to these relevant issues, Plaintiff produced 453 pages of documents. (Spellberg Decl.¶ 4). Upon review of these documents, defense counsel learned for the first time that Preston had taken numerous confidential documents, including 57 pages (involving 21 documents) which are clearly protected by the attorney client privilege.

Plaintiff was obviously taking City documents to help support her lawsuit. She sent two emails to Mr. Siegel in mid-September 2013, several weeks before she was dismissed. (See Spellberg Decl., Ex. A). Notably, Preston forwarded these internal City documents to Siegel from her work computer. She also took hundreds of other City documents when she left employment, including the attorney client privileged documents that she later produced in response to Defendants' document requests.

Virtually every one of the privileged documents relates to four central issues raised in her complaint. A chart of the privileged documents (which are Exhibit C to the Spellberg Declaration) and a short summary of each follows:

| Bates Number | Nature of Privilege | Parties in Communication | Summary of Document |
|---|---|---|---|
| LP13 - 14 | Attorney-Client | Email from Barbara Parker to Deanna Santana | Legal advice about a DCV-labor classification. |
| LP16 - 17 | Attorney-Client | Multiple emails from Deputy City Attorneys Doryanna Moreno and Caryl L. Casden | Legal advice about an employee suspension issue. |
| LP50 - 58 | Attorney-Client | Emails between Barbara Parker, Deanna Santana, other City Managers | Discussion about legal advice from City Attorney about the cashing out of sick leave. |
| LP93 | Attorney-Client | Emails from Deanna Santana to City Attorney Parker, Deputy Moreno and other City Managers | Information being provided for the Rainbow Teen Center report. |
| LP94-95 | Attorney-Client | Emails between Barbara Parker and Deanna Santana, et al. | Request for legal advice regarding the Rainbow Teen Center issues. |
| LP96 | Attorney-Client | Email from Barbara Parker to Deanna Santana, et al. | Discussion of revisions to the Rainbow Teen Center Report. |
| LP230-231 | Attorney-Client | Various emails from Barbara Parker to Santana, City | Legal discussion of the impact of District Court Judge Henderson's |

| Bates Number | Nature of Privilege | Parties in Communication | Summary of Document |
|---|---|---|---|
| | | Councilmembers and other City Managers. | refusal to sign a proposed order affecting the Police Department. |
| LP266-267 | Attorney-Client | Email from Barbara Parker to Deanna Santana | Legal advice regarding treatment of furlough days. |
| LP268 - 270 | Attorney-Client | Emails between Barbara Parker and Lawanna Preston, et al. | City Attorney providing legal advice to Plaintiff in response to Plaintiff query about floating holidays. |
| LP283 - 285 | Attorney-Client | Emails between Barbara Parker/Doryanna Moreno and Lawanna Preston | Plaintiff Preston sending information to City Attorney about the Local 55 Tentative Agreement. |
| LP290 - 291 | Attorney-Client | Exchange of emails from Doryanna Moreno Lawanna Preston and Deanna Santana | Plaintiff Preston asking for a legal opinion about the Local 55 Tentative Agreement issues. |
| LP292 | Attorney-Client | Email from Charles Sakai to Deanna Santana, et al. | Outside counsel Sakai describing the status of the union bargaining efforts with OPOA. |
| LP302 | Attorney-Client | Email from Charles Sakai to Deanna Santana, et al. | Outside counsel Sakai describing the status of the union bargaining efforts with OPOA. |
| LP309-310 | Attorney-Client | Email from Deanna Santana to Barbara Parker, Lawanna Preston, et al. | Legal discussion about a Tentative Agreement reached with the OPOA. |
| LP322-323 | Attorney-Client | Email from Deanna Santana to Lawanna Preston and Jonathan Holtzman | Discussion about SEIU part time MOU proposals with outside counsel Holtzman. |
| LP324-325 | Attorney-Client | Emails from and to Barbara Parker and Doryanna Moreno | Request for legal opinion about cameras in Head Start classrooms. |
| LP334 - 339 | Attorney-Client | Emails between Caryl L. Casden and Katano Kasaine, Lawanna Preston | Legal advice from attorney Caryl L. Casden regarding a Local 1021 grievance. |
| LP390 - 391 | Attorney-Client | Email from Lawanna Preston to Deanna Santana and Barbara Parker | SEIU grievance regarding withholding of union dues. |
| LP407 - 408 | Attorney-Client | Email from Deanna Santana to Lawanna Preston and Barbara Parker | SEIU grievance regarding withholding of union dues. |

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

| Bates Number | Nature of Privilege | Parties in Communication | Summary of Document |
|---|---|---|---|
| LP409 - 412 | Attorney-Client | Email from Lawanna Preston to Barbara Parker and Doryanna Moreno | Providing information regarding the SEIU grievance. |
| LP421-422 | Attorney-Client | Email from Barbara Parker to Lawanna Preston | Legal discussion about settlement negotiations with Local 21. |

While working at Oakland, Preston communicated with the City's legal counsel regarding each of the four issues that she raises in her complaint. As City management internally discussed those issues, the City Attorney (Barbara Parker and her Deputies Doryanna Moreno and Caryl Casden) provided legal opinions to Preston and others about those issues. These legal opinions and discussions – about the very issues that Plaintiff now raises in her complaint –comprise the majority of the 21 privileged documents which Plaintiff produced in response to the discovery requests.

Preston's attorneys, Siegel & Yee, have now received from Plaintiff various legal analyses by City attorneys about key issues that the firm is litigating in this case. The prejudice to Defendants is presumed and obvious. On these facts, Preston's Attorneys cannot be permitted to continue in this litigation. The Court must order their disqualification.  And concurrent with that disqualification, Oakland seeks an order requiring return of all improperly taken documents which is not just the privileged documents at Spellberg Decl., Ex. C.  As discussed below, Plaintiff improperly took hundreds of pages of confidential City documents and in whatever form she possesses them, those documents must be returned and/or permanently deleted.

## III.   ARGUMENT

### A.   Applicable Legal Standards

A district court has the inherent authority to disqualify counsel. *See United States v. Wunsch,* 84 F.3d 1110, 1114 (9th Cir. 1996). Lawyers who appear before the United States District for the Northern District of California are required to comply with the California Rules of Professional Conduct. *See* Civ. L.R. 11-4(a)(1) (requiring that all members of the bar of this

6

3:14-cv-2022 NC

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

Court and attorneys permitted to practice before the Court pro hac vice must be "familiar and comply with the standards of professional conduct required of members of the State Bar of California"). In order to determine whether to disqualify counsel, the Court applies California law. *See In re County of Los Angeles,* 223 F.3d 990, 995 (9th Cir. 2000); *Hitachi, Ltd. v. Tatung Co.,* 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006).

A court should examine a motion to disqualify counsel carefully "to ensure that literalism does not deny the parties substantial justice." *People ex rel Dept. of Corporations v. Speedee Oil Change Systems, Inc.,* 20 Cal. 4th 1135, 1144 (1999) (*"Speedee Oil"*). Thus, a court must balance such varied interests as a party's right to chosen counsel, the interest in representing a client, the burden placed on a client to find new counsel, and the possibility that "tactical abuse underlies the disqualification motion." *Id.* at 1145.

An order of disqualification of counsel is a drastic measure and the City does not make this motion lightly. *In re Marvel,* 251 B.R. 869, 871 (N.D. Cal. 2000) (citing *Schiessle v. Stephens,* 717 F.2d 417 (7th Cir. 1983)). "Ultimately, however, a court must maintain ethical standards of professional responsibility." *Hitachi,* 419 F. Supp. 2d at 1161 (citing *Speedee Oil,* 20 Cal. 4th at 1145).

As the party asserting privilege, the City bears the burden of establishing the preliminary facts necessary to support "a prime facie claim of privilege." See *Costco Wholesale Corp. v. Superior Court, supra,* 47 Cal.4th at 733 (2009). The concurrently-filed Spellberg Declaration sets forth the basis for the City's claims of attorney-client privilege as to each document and plainly establishes the basis for the claim of privilege. Each of the privileged documents was sent by, sent to or copied to the Oakland City Attorney, Barbara Parker, her Deputies Doryanna Moreno and Caryl Casden, or outside counsel at the Renne Sloan firm.

The documents themselves show that "the dominant purpose of the relationship between the parties to the communication was one of attorney-client." *Clark,* 196 Cal. App. 4th at 51. There is no question that the communications at issue are "protected by the privilege." *Clark,* 196 Cal. App. 4th at 51. Because the documents are privileged, Siegel & Yee was prohibited from reviewing and analyzing the documents.

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

### B.   California Law Prohibits An Attorney from Making Use of an Adversary's Privileged Documents

Preston's attorneys are not permitted to use the City's privileged documents in any aspect of their case prosecution. The authority is clear:

> "[A] lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged . . . must (1) refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and (2) shall immediately notify the sender that he or she possesses material that appears to be privileged." *Clark v. Superior Court*, 196 Cal. App. 4th 37, 53 (2011) (quoting *State Fund Comp. Ins. v. WPS, Inc.,* 70 Cal. App. 4th 644, 656 (1999)); *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 817 (2007).

This rule is "the standard governing the conduct of California lawyers" after having received an adversary's apparently privileged or work product materials. *Rico*, 42 Cal.4th at 817. It is an objective standard. *Id.* at 818. "In applying the rule, courts must consider whether reasonably competent counsel, knowing the circumstances of the litigation, would have concluded the materials were privileged, how much review was reasonably necessary to draw that conclusion, and when counsel's examination should have ended." *Id.* Although "mere exposure" to an adversary's privileged information will not compel disqualification, an attorney's failure to comply with these standards can "compel disqualification." *Id.* at 819.

Here, the Attorneys should have readily been able to determine that the 21 documents at issue are privileged emails exchanged among the Oakland City Attorney and high ranking Oakland officials. Lead counsel for Plaintiff, Dan Siegel is a long time Oakland attorney who was once an aide to Mayor Quan and who recently ran for Mayor. He undoubtedly knows that Barbara Parker, whose name appears throughout these emails, is the Oakland City Attorney. Even a cursory review of the documents at issue shows that Preston and her attorneys cannot reasonably assert that they were unaware of the privileged nature of these documents.

Under California law, the privilege determination does not include reviewing the contents of a document or communication. Only an examination of the relationship between the participants to the communication is required or allowed. *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 739 (2009) ("And because the privilege protects a transmission

irrespective of its content, there should be no need to examine the content in order to rule on a claim of privilege."); see also *Clark, supra*, 196 Cal. App. 4th at 41 ("[t]he relevant inquiry is not the content of the communication but instead the relationship of the communicators.").

Preston's attorneys conducted a full review of these privileged documents in violation of the principle articulated in *Costco Wholesale Corp., supra.* In order to produce documents responsive to the defense document requests, the Attorneys necessarily had to review the produced documents for responsiveness. They reviewed these 21 documents, determined that each was responsive to the issues raised in this lawsuit and then they produced the documents. There is no possible way they can rationalize this conduct as appropriate and lawful. They necessarily reviewed the content in order to determine relevance. Under the controlling authority cited above, the Attorneys should have stopped their review immediately upon identifying the privileged nature of the documents, and then promptly returned the documents to Defendants. Instead, the documents were reviewed and produced. The failure by the Siegel & Yee Attorneys to comply with their ethical obligations requires disqualification of the firm.

**C.**     **The Actions by Siegel and Yee Require that The Firm Be Disqualified**

Where, as here, counsel fails to cease review of privileged documents and instead makes use of those documents in the litigation, *disqualification is required.* In *Rico v. Mitsubishi Motors Corp,* the California Supreme Court affirmed the disqualification of the attorneys who received attorney work product and instead of complying with the obligations set forth in *State Fund,* "acted unethically in making full use of the confidential document." *Id.* at 819. Further, in a recent appellate decision, the Supreme Court's *Rico* holding was applied to facts substantially similar to those presented here. *See Clark v. Superior Court*, 196 Cal. App. 4th 37 (2011).

In *Clark*, a former employee of VeriSign had been terminated and sued VeriSign for breach of contract and other claims. *Id.* at 42. Plaintiff's counsel subsequently sent VeriSign a letter stating that the employee intended to assert an additional claim against VeriSign based on a privileged VeriSign document the employee had taken from VeriSign in violation of his employment and nondisclosure agreements. *Id.* at 42-43. VeriSign immediately demanded the return of its privileged document, but the plaintiff attorney refused to return the document. *Id.* at

43. During discovery, the employee subsequently produced additional privileged documents belonging to VeriSign taken in violation of the nondisclosure agreement. *Id.* at 43. VeriSign moved to disqualify plaintiff's counsel on the ground that Clark and his attorney "had improperly obtained, retained, reviewed and used privileged documents, and had obtained an improper advantage from that conduct, in violation of the requirements imposed by *Rico* and *State Fund*." *Id.* at 44 (citations omitted). The court of appeal agreed and upheld the trial court's disqualification order.[3]

The same result is compelled here on the facts presented. Again, Preston took at least 21 attorney client privileged documents from her employer and gave them to her litigation attorneys. Instead of returning those documents and any other privileged documents, the Attorneys analyzed and evaluated the documents and produced them in response to multiple discovery requests. Just as the plaintiff attorney in *Clark* was disqualified, Siegel & Yee must be disqualified here.

*Lewis v. Capital One Services,* U.S. Dist. LEXIS 26978 (E.D. Va. June 10, 2004) is also on point and compelling. In that case, the plaintiff employee sued her employer alleging gender discrimination. The employee had received confidential information while working in an executive position in the Human Resources Department and had improperly taken some of those documents when she left employment. The attorney for the plaintiff referred to those removed documents in an email which showed that the attorney had knowledge of the content of the documents and an associate had reviewed at least one of the documents. On those facts, the *Lewis* court held, "the taint to Plaintiff's Counsel cannot be undone and his firm must too be disqualified." *Id* at pg. *5.*

There is no remedy short of disqualification that is appropriate here. In colloquial parlance, "the bell cannot be un-rung." The Attorneys received privileged communications which they not only failed to disclose to the defense, but they reviewed those documents thoroughly enough to

---

[3] In the situation here, Siegel & Yee had already fully reviewed and analyzed the privileged documents before Defendants even learned that Siegel & Yee possessed the documents. Under these circumstances, demanding return of the documents would be a futile act.

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

produce them in response to the defense document requests. What is particularly outrageous about the conduct is that virtually all of the privileged documents contain legal analysis by defense counsel about the issues that plaintiff raises in this case.  For example, Plaintiff documents LP 283-291 contain defense counsel's discussion about the Tentative Agreement reached with Bargaining Unit 55 which is the issue raised by Plaintiff in her Complaint allegations at ¶¶ 22-25.

As another example, the documents produced as LP 50-58, 93-96 concern legal advice about the Rainbow Teen Center report – one of the major issues raised in the Complaint. (See Complaint, ¶¶ 18-20.)

Another key issue raised by Plaintiff in her Complaint is the SEIU dues collection issue. (Complaint, ¶¶ 26-33, 35-40). The documents containing the attorney client privileged legal analyses of that issue were produced by Plaintiff at LP 334-39, 390-91, 409-412, 421-22.

The Supreme Court's comments in *Rico supra,* are compelling and controlling. The Court noted that the attorney in that case had not only acted contrary to his obligations by fully reviewing the privileged material, but had "also acted unethically in making full use of the confidential document." *Id.* at 819. Based on that conduct, the Court concluded that "without disqualification of plaintiff's counsel . . . the damage caused by [the attorney's] use and dissemination of the [document] was irreversible." *Ibid.*

Siegel & Yee's extensive analysis of defense counsel's privileged communications about the legal issues that Plaintiff is pursuing here requires the same result.

### D.   Plaintiff Improperly Removed Other Confidential Documents From The City

In addition to taking the attorney-client privileged documents which she produced, Plaintiff took numerous other confidential documents that must be returned to the City.

In reviewing City documents to identify relevant documents, Oakland learned that throughout 2013, Plaintiff regularly forwarded confidential emails and documents from her City computer to her personal email. These included confidential report drafts regarding the Rainbow Teen Center investigation and emails exchanged among the investigative team that was reviewing the hiring, contracting and purchasing issues at the Rainbow Teen Center.

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

1    Plaintiff also forwarded documents regarding a personnel investigation and documents

2  containing data the City analyzed for its collective bargaining proposals to its unions, as well as

3  the attorney-client privileged documents.  Oakland's current review shows that Plaintiff sent 44

4  emails from her computer to her personal email between January 1, 2013 and October 3, 2013 and

5  those 44 emails included an astonishing 2,978 pages of attachments.  Almost all of those

6  attachments are internal confidential City documents of which many implicate the deliberative

7  process privilege.  (Spellberg Decl. ¶7.)  Significantly, when Oakland asked Plaintiff via document

8  requests and interrogatories to identify the City documents that she had taken, Plaintiff's

9  Attorneys objected that identifying such documents "would produce a voluminous mass of

10  documents that would be irrelevant to the claims and defenses in this case," and then she

11  responded that "these documents are equally in defendant The City of Oakland's possession."

12  With this evasive response, it is evident that Plaintiff does not deny taking internal City

13  documents.[4]

14
15    **E.    The Court Should Order the Return of All Documents Taken by Plaintiff, Not Just the Attorney Client Privileged Documents**

16    The Court should order Plaintiff Preston to return *every single document* that she has taken

17  from Oakland.   This means that she must return every hard copy, every electronic copy and every

18  data storage device that contains any City document.  To the extent Plaintiff and her Attorneys

19  have placed any City documents on their computers, those documents must be permanently

20  removed from the computers and Plaintiff and her Attorneys required to provide affirming

21

22  [4] Plaintiff is not allowed to steal confidential City documents, particularly those protected under the deliberative process privilege which protects documents that are prepared in order to assist an agency decision maker in arriving at
23  his or her decision and that, if released, would expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.
24  *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir 2010)(quoting US Dep't of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) .

25    Discussions between Defendant Santana and the investigative team that reviewed the issues raised in this lawsuit
26  are privileged to the extent that they are pre-decisional and deliberative. The same is true of documents upon which the City based its bargaining positions and responses to the unions during bargaining. These are the types of
27  documents taken by Plaintiff and which her Attorneys refuse to identify in response to the discovery requests.

28

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

1   affidavits.

2       In the *Clark v. Superior Court* decision, the employer not only successfully obtained an

3   order disqualifying the plaintiff's lawyer, but the employer successfully obtained return of the

4   documents that had been improperly taken. *Clark, supra,* at 196 Cal. App. 4th at 45.

5       An employee cannot take confidential documents from her employer when leaving

6   employment. The decision of *Pillsbury, Madison & Sutro v. Schetman,* 55 Cal.App.4th 1279

7   (1997) is controlling. In that case, employees of the Pillsbury, Madison & Sutro firm were

8   terminated and they took confidential firm documents which they gave to their attorneys to assist

9   in the litigation. The firm sued the attorneys for equitable relief seeking return of the documents.

10  The trial court issued the injunction ordering return of the documents and the appellate court

11  affirmed. The court noted that plaintiffs bringing employment cases cannot engage in "self-help"

12  by stealing documents from their former employer. *Id.* at 1289.

13      The Ninth Circuit's analysis of this issue is congruent. *See O'Day v. McDonnell Douglas*

14  *Helicopter Co.*, 79 F.3d 756 (at 762-765), where an employee took confidential documents to

15  support an anticipated lawsuit against his employer and the Ninth Circuit affirmed the District

16  Court ruling requiring the employee to return the purloined documents.

17      Preston engaged in the same "self-help" that the appellate court condemned in *Pillsbury,*

18  *Madison & Sutro, supra.* Her conduct is even more outrageous in that among the thousands of

19  documents that she took, there were numerous attorney client privileged documents. The Court

20  should order Plaintiff to return all documents of every kind that she took from the City; the

21  attorney client privileged documents and every other document of any kind.  To assure that the

22  City is not prejudiced by this misconduct as the litigation proceeds, Defendants request an Order

23  that Plaintiff and her Attorneys provide affirming affidavits that they have returned and/or

24  permanently deleted every single document from all computers and data storage devices.

25  **IV.**   **Conclusion**

26      For the foregoing reasons, Defendants request the following orders:

27      1.     That Siegel & Yee (and all attorneys and paralegals in the firm) are disqualified

28  from representing Plaintiff Preston in this action and prohibited from providing any assistance to

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS

1   Plaintiff in this litigation;

2       2.     That Siegel & Yee must return to Defendants all City of Oakland documents,

3   including all attorney client privileged documents in its possession and destroy/delete all

4   documents maintained by them, and destroy/delete all work product related to those documents;

5       3.     That Plaintiff Preston return to Defendants all documents of any kind that she took

6   from the City of Oakland , including returning all hard copies, electronic copies, all storage

7   devices that contain such documents, and permanently delete from all of her computers and

8   storage devices all City of Oakland documents.

9       4.     That the Siegel & Yee Attorneys and Plaintiff be required to file affirming

10   affidavits that they have complied with these Orders and identify in those affidavits all persons

11   with whom they have shared the privileged documents.

12                   Respectfully submitted,

13   DATED: December 23, 2014       MEYERS, NAVE, RIBACK, SILVER & WILSON

14

15                        By:        */s/ Geoffrey Spellberg*
                                 Camille Hamilton Pating

16                                 Geoffrey Spellberg
                                *Attorneys for Defendants CITY OF OAKLAND*

17   DATED: December 23, 2014                 *and DEANNA SANTANA*

18

19                        By:        */s/ Otis McGee*
                                   Barbara J. Parker

20                                   Otis McGee, Jr.
                                  Maria Bee

21                                   James F. Hodgkins

22                                   *Attorneys for Defendants CITY OF OAKLAND*
                                *and DEANNA SANTANA*

23   2377455.1

24

25

26

27

28

DEFENDANT CITY OF OAKLAND'S NOTICE AND BRIEF IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS