UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYELLE LAWANNA PRESTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND; DEANNA SANTANA, in her individual capacity; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 14-cv-02022 NC<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF**<br><br>Re: Dkt. Nos. 34, 35 |

Before the Court is defendants' motion to compel a psychological examination of plaintiff. Dkt. Nos. 34, 35. Federal Rule of Civil Procedure 35(a) provides that, for good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). The 'in controversy' and 'good cause' requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). To establish that the other party's mental condition is "in controversy" within the meaning of Rule 35, the moving party must show more than that the party in question has brought a "garden-variety" claim for damages for emotional

Case No. 14-cv-02022 NC
ORDER RE: MOTION TO COMPEL
MEDICAL EXAMINATION

distress. *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995). "[C]ourts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)." *Id.* at 95.

In this case, plaintiff alleges that defendants violated California Labor Code § 1102.5 and her First Amendment right to free speech by terminating her employment after she reported violations of state and local law and declined to follow her superior's instructions to provide false reports and conceal information from the City Council. Dkt. No. 2-1. In her complaint, plaintiff seeks damages for lost compensation, for "emotional distress, embarrassment and humiliation," and for "damage to her professional reputation and standing." *Id.* ¶ 47. In her prayer for damages, plaintiff seeks "general damages for emotional distress, pain and suffering, in an amount to be determined." *Id.* at 10.

Prior to the filing of this motion, the parties met and conferred in an attempt to agree on a stipulation that would resolve the dispute. While the parties indicate that they were willing to agree on some aspects of the proposed stipulation, they were unable to resolve two issues: (1) defendants' request that plaintiff stipulate that she is not currently suffering from any emotional distress and that she has no ongoing mental or emotional distress symptoms of any kind; and (2) defendants' request that plaintiff stipulate that she will call two third-party witnesses at trial to testify in support of her alleged emotional distress claims, and that she must identify to defendants those witnesses and must make those witnesses available for deposition. Dkt. No. 35 at 6.

Defendants disagree with plaintiff's characterization of her emotional distress claim as "garden-variety" because she (1) claims ongoing, serious symptoms of emotional distress; (2) has identified nine witnesses to her emotional distress; and (3) is seeking $1

Case No. 14-cv-02022 NC
ORDER RE: MOTION TO COMPEL       2
MEDICAL EXAMINATION

million in general damages for her emotional distress, the highest component of damages in this case. Dkt. No. 40 at 2. Defendants contend that, without the requested independent medical examination or an adequate stipulation, they would be unfairly prejudiced in their ability to defend against plaintiff's emotional distress claim.

First, to the extent defendants contend that the mere fact that plaintiff is alleging some ongoing emotional distress justifies a mental examination, the Court disagrees. Dkt. No. 35 at 9-10. The authorities cited by defendants are distinguishable. *See Haqq v. Stanford Hosp. & Clinics*, No. 06-cv-05444 JW (RS), 2007 WL 1593224, at *2 (N.D. Cal. June 1, 2007) (plaintiff claiming ongoing *severe* mental distress); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (plaintiff alleging, among other claims, a cause of action for intentional infliction of emotional distress).

Second, defendants also argue that another decision that "compels this Court to order the examination" is *Smedley v. Capps, Staples, Ward, Hastings & Dodson*, 820 F. Supp. 1227, 1232 (N.D. Cal. 1993) (compelling psychological examination where plaintiff intended to present evidence of "normal" emotional distress). Dkt. No. 35 at 10. This Court agrees with other courts that have declined to follow the *Smedley* decision as standing for the proposition that the mere prayer for emotional distress damages places a plaintiff's mental condition in controversy for purposes of Rule 35(a). *See Ford v. Contra Costa Cnty.*, 179 F.R.D. 579, 580 (N.D. Cal. 1998); *Turner*, 161 F.R.D. at 93.

Third, the amount of the emotional distress damages sought by plaintiff is also not by itself dispositive of the issue presented. *See Turner*, 161 F.R.D. at 97 (a claim for damages in excess of $1 million for "humiliation, mental anguish, and emotional distress" does not, without more, warrant an independent mental examination).

Here, however, there is something more than the mere allegation of ongoing symptoms and the amount of damages sought. Defendants point to plaintiff's interrogatory responses in which she claims that she suffers from insomnia, anxiety, headaches, and decreased social activity. Dkt. No. 35-1 at 35. While plaintiff argues that these symptoms are "garden-variety," she has not cited to any cases that so hold. Dkt. No. 38 at 4-5; *see*

*Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003) (stating that "garden-variety" emotional distress has been described as "ordinary or commonplace emotional distress," that which is "simple or usual").  District courts have found that symptoms similar to those alleged by plaintiff here could justify a mental examination.  *See e.g., Dornell v. City of San Mateo*, No. 12-cv-06065 CRB (KAW), 2013 WL 5443036, at *4 (N.D. Cal. Sept. 30, 2013) (claim for continuing emotional distress resulting in anxiety, high blood pressure, chest pain, sleeplessness, weight gain, inability to focus and loss of interest in daily life activities and hobbies, was not "garden-variety" emotional distress); *K. Oliver v. Microsoft Corp.*, No. 12-cv-00943 RS (LB), 2013 WL 3855651, at *2 (N.D. Cal. July 24, 2013) (claim for extreme anguish, humiliation, emotional distress, physical distress, increased risk of reoccurrence in breast cancer, and physical injuries resulting from stress was not "garden variety"); *Tamburri v. SunTrust Mortgage Inc.*, No. 11-cv-02899 JST (DMR), 2013 WL 942499, at *3-4 (N.D. Cal. Mar. 11, 2013) (alleged suicidal ideation, paranoia, chest pains, blinding and debilitating headaches that are "frightening in their intensity," multiple cracked teeth from jaw grinding, and loss of mental clarity constitute severe symptoms and not "garden-variety"); *Ayat v. Societe Air France*, No. 06-cv-1574 JSW (JL), 2007 WL 1120358, at *4 (N.D. Cal. Apr. 16, 2007) (claim of loss of past and future earning capacity, fear and terror, emotional distress, discomfort, anxiety, loss of enjoyment of life, past and future pain and suffering, depression, post-traumatic stress disorder, and the loss of ability to lead a normal and enjoyable life seemed to indicate severe emotional distress).

   While plaintiff's alleged emotional distress symptoms in this case are not identical to those alleged in the cases cited above and appear to be less severe, it is not clear that they are "garden-variety," especially given plaintiff's claim of $1 million in general damages.  However, the Court finds that the following stipulation, which is a modified version of the stipulations discussed by the parties, would render a mental examination unnecessary in this case.

//

By February 4, 2015, plaintiff must file a statement indicating whether or not she agrees to stipulate as follows:

    1. Plaintiff stipulates that she is not making a claim for a specific mental or psychiatric injury or disorder, or for unusually severe emotional distress. Plaintiff further stipulates that she is not making a claim for mental and emotional distress over and above that usually associated with the alleged treatment of Plaintiff at issue in this case. This stipulation may be read to the jury.

    2. Plaintiff at trial will not call any treating psychotherapist or other expert, regarding her alleged emotional distress damages. Plaintiff will call up to two third-party witnesses at trial to testify in support of her alleged emotional distress claims, and she must identify to defendants those witnesses by February 4, 2015, and must make those witnesses available for deposition. Plaintiff may also testify as to her own damages.

    3. Based upon Plaintiff's representations and agreements herein, the Court will deny Defendants' motion to compel an independent mental examination of Plaintiff.

IT IS SO ORDERED.

Date: January 28, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge