1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYELLE LAWANNA PRESTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND; DEANNA SANTANA, in her individual capacity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 14-cv-02022 NC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR DISQUALIFICATION OF PLAINTIFF'S ATTORNEYS AND FOR ORDER REQUIRING RETURN OF DOCUMENTS**<br><br>Re: Dkt. No. 37 |

Before the Court is defendants' motion seeking disqualification of plaintiff's counsel and return of documents. Dkt. No. 37. The question presented is whether plaintiff may use for purposes of pursuing her claims in this action documents to which she had access in the course of her employment with the City that are protected by the City's attorney-client privilege. Because the Court believes the answer to this question is yes, defendants' motion is DENIED.

## I. BACKGROUND

Plaintiff Daryelle Lawanna Preston was employed as the Employee Relations Director of the City of Oakland at the time of the alleged violations. Dkt. No. 2-1. Plaintiff alleges that defendants violated California Labor Code § 1102.5 and her First Amendment right to free speech by terminating her employment after she reported violations of state and local law and declined to follow her superior's instructions to

Case No. 14-cv-02022 NC
ORDER ON MOTION FOR
DISQUALIFICATION

provide false reports and conceal information from the City Council. *Id.* The allegations of the complaint were previously summarized in the Court's order denying defendants' motion to dismiss, and will not be repeated here. Dkt. No. 16.

Defendants assert that, while working at the City of Oakland, plaintiff communicated with the City's legal counsel regarding the issues that she raises in her complaint. Dkt. No. 37. As City management internally discussed those issues, the City Attorney provided legal opinions to plaintiff and others about those issues. *Id.* Defendants now move for an order (1) disqualifying plaintiff's attorneys Siegel & Yee (and all lawyers and paralegals associated with the firm) from serving as counsel for plaintiff or otherwise assisting plaintiff in her prosecution of the action; and (2) requiring plaintiff and her attorneys to return and/or permanently delete all documents of any kind that plaintiff took from the City of Oakland when she was terminated from employment with the City. *Id.*

The Court finds this motion suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b).

## II. LEGAL STANDARD

Whether to disqualify counsel is a decision conveyed to the discretion of the district court. *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) (citing *Gas–A–Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1325 (9th Cir. 1976)). California law applies in determining matters of disqualification. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *see* Civ. L.R. 11-4(a) (providing that attorneys before this Court must comply with the standards of professional conduct required of members of the State Bar of California).

Because "[a] motion to disqualify a party's counsel may implicate several important interests . . . judges must examine these motions carefully to ensure that literalism does not deny the parties substantial justice." *People ex rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1144 (1999). "Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to

1  replace disqualified counsel, and the possibility that tactical abuse underlies the

2  disqualification motion." *Id.* at 1144-45. "Ultimately, disqualification motions involve a

3  conflict between the clients' right to counsel of their choice and the need to maintain

4  ethical standards of professional responsibility." *Id.* at 1145. However, "[t]he paramount

5  concern must be to preserve public trust in the scrupulous administration of justice and the

6  integrity of the bar." *Id.* "A motion for disqualification of counsel is a drastic measure

7  which courts should hesitate to impose except when of absolute necessity." *In re Marvel*,

8  251 B.R. 869, 871 (N.D. Cal. 2000) (citing *Schiessle v. Stephens*, 717 F.2d 417 (7th Cir.

9  1983)).

10  ### III. DISCUSSION

11  **A.    Defendants' Motion for Disqualification**

12  Defendants contend that the following facts justify disqualification:

13  • Plaintiff took possession of almost two dozen attorney-client privileged documents in

14  the course of her employment at the City and left with them after she was discharged;

15  • Some of the documents at issue include confidential legal analyses of issues that are

16  at the core of Plaintiff's claims in this lawsuit;

17  • Plaintiff's intent was (and is) to use these privileged documents in furtherance of her

18  lawsuit against the City and the former City Manager, Deanna Santana;

19  • Plaintiff supplied the privileged documents (as well as other confidential documents)

20  to her current attorneys;

21  • Plaintiff's attorneys analyzed the documents, believe they will help her lawsuit, and

22  therefore fully intend to use them in this lawsuit;

23  • Plaintiff's attorneys realized numerous documents were attorney-client privileged,

24  but did not stop their review of the documents and did not disclose and return the

25  privileged documents.

26  Dkt. No. 41.

27  Defendants argue that disqualification is warranted because plaintiff's attorneys have

28  reviewed, analyzed and used in this litigation attorney-client privileged documents

1   belonging to the City in violation of their ethical obligations.  Dkt. No. 37.  Defendants

2   further argue that, upon learning that plaintiff supplied attorney-client privileged

3   documents, plaintiff's counsel was required to stop and notify opposing counsel

4   immediately, and to refrain from any further review of the documents.  Dkt. No. 41.

5   Defendants contend that this motion for disqualification is controlled by *Rico v. Mitsubishi*

6   *Motors Corp.*, 42 Cal. 4th 807 (2007).  The Court disagrees.

7        In *Rico*, the California Supreme Court considered "what action is required of an

8   attorney who receives privileged documents through inadvertence and whether the remedy

9   of disqualification is appropriate."  *Rico*, 42 Cal. 4th at 810.  Affirming the rule articulated

10  in *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644 (1999), the Court concluded

11  that, "[w]hen a lawyer who receives materials that obviously appear to be subject to an

12  attorney-client privilege or otherwise clearly appear to be confidential and privileged and

13  where it is reasonably apparent that the materials were provided or made available through

14  inadvertence," the lawyer receiving such materials may not read a document any more

15  closely than is necessary to ascertain that it is privileged.  *Id.* at 810, 817 (quoting *State*

16  *Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th at 656-57).  "Once it becomes apparent

17  that the content is privileged, counsel must immediately notify opposing counsel and try to

18  resolve the situation."  *Id.*  The Court explained that this rule "addresses the practical

19  problem of inadvertent disclosure in the context of today's reality that document

20  production may involve massive numbers of documents" and "holds attorneys to a

21  reasonable standard of professional conduct when confidential or privileged materials are

22  inadvertently disclosed."  *Id.* at 818.  Applying this rule, the Court in *Rico* affirmed the

23  disqualification of plaintiff's attorneys for using a privileged defense document obtained

24  inadvertently from defense counsel.  *Id.* at 819-20.

25       Here, plaintiff's counsel did not obtain defendants' privileged documents through

26  inadvertent disclosure.  Rather, plaintiff had knowledge of, and access to the privileged

27  communications as part of her employment at the City.  She shared the communications

28  she believed are relevant to her termination by the City with her attorneys for the purpose

Case No. 14-cv-02022 NC
ORDER ON MOTION FOR                          4
DISQUALIFICATION

of pursuing her claims in this case.  There is no indication that she disclosed the privileged documents to anyone else.  Plaintiff's counsel produced these documents to defendants' counsel.  Dkt. No. 37-1.  While defendants claim they were "surprised and shocked," plaintiff listed at least some of these documents on her initial disclosures and defendants thus had knowledge of these documents for months before filing their motion to disqualify the day before Christmas Eve.  *See* Dkt. Nos. 37-1; 39; 39-1, exh. B.  The *Rico* case does not control on the facts presented here.

California courts have previously held that disqualification of attorneys is not warranted for being exposed by their client to the opposing party's confidential or privileged information.  *See Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 302 (2001); *see also Neal v. Health Net, Inc.*, 100 Cal. App. 4th 831, 843-44 (2002) ("[D]ecisional authority has consistently concluded that a party cannot improperly disclose confidential information to one's own counsel in the prosecution of one's own lawsuit."); *Layer2 Commc'ns Inc v. Flexera Software LLC*, No. 13-cv-02131 DMR, 2014 WL 2536993, at *9 (N.D. Cal. June 5, 2014) (acknowledging California cases that hold that a party or an employee of the party is entitled to disclose to the party's attorney all facts relevant to the lawsuit, including an ex-employer's confidential and privileged communications).

In *Fox Searchlight*, the plaintiff attempted to disqualify an attorney representing its former in-house counsel on the ground that the former in-house counsel had disclosed confidential and privileged information belonging to the plaintiff.  *Fox Searchlight*, 89 Cal. App. 4th at 298-99.  The case presented the question of whether a former in-house counsel suing her employer for wrongful termination may divulge to her own attorney employer confidences obtained during the course of her employment.  *Id.* at 308.  *Fox Searchlight* held that the trial court properly denied the plaintiff's disqualification motion because the former in-house counsel was entitled to disclose to her own attorney all facts relevant to her termination including employer confidences and privileged communications.  *Id.* at 302-04, 308.  *Fox Searchlight* reasoned that, if the disqualification rules applied, it would

effectively ban any litigation by the former in-house counsel against her employer.  *Id.* at 304.  Such a result, *Fox Searchlight* concluded, was contrary to the California Supreme Court's decision in *General Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164, 1190 (1994) in which it was held that an in-house counsel could sue a former employer for wrongful termination as long as confidential information was not publicly disclosed.  *Id.*

Defendants here argue that *Fox Searchlight* cannot be applied to the facts here because plaintiff was not an in-house attorney and never served in that capacity for the City of Oakland.  Dkt. No. 41.  *Fox Searchlight*, however, rejected the proposition that "disqualification should turn on whether the former employee was an attorney for the opposing party or served in some other capacity."  *Id.* at 303.  This Court agrees.  As in *Fox Searchlight*, plaintiff here participated in confidential and privileged communications during the course of her employment.  The parties agree that such communications are relevant to plaintiff's claims in this case arising out of her termination by the City.  To hold that plaintiff may not disclose such information to her attorneys would effectively bar her claims.

Defendants also unpersuasively argue that *Layer2* has no application here because it "regards a private contract dispute" and "had absolutely nothing to do with attorney-client privileged documents."  Dkt. No. 41.  *Layer2*, however, did involve attorney-client communications.  *See Layer2*, 2014 WL 2536993, at *8 ("Even if Flexera had not waived its right to assert the attorney-client privilege, disqualification of Archer Norris under CRPC 3–310(c) would nonetheless be inappropriate because California law does not impose upon Archer Norris a duty to prevent Holloway from disclosing Flexera's confidences.").  In *Layer2*, the party moving for disqualification relied on cases in which an attorney is disqualified for using the opposing party's attorney-client privileged documents when the opposing party inadvertently disclosed them to the attorney.  *Id.* at *10.  *Layer2* held that it was not clear that this standard applied in the circumstances where a party received the opposing party's confidential information not through the opposing counsel's inadvertent disclosure of documents, but through communications with one of its

own employees. *Id.* The Court held that "[i]n such circumstances, California authority 'has consistently concluded that a party cannot improperly disclose confidential information to one's own counsel in the prosecution of one's own lawsuit. . . .'" *Id.* (quoting *Neal*, 100 Cal. App. 4th at 843-44).

In support of their motion, defendants also cite *Clark v. Superior Court*, 196 Cal. App. 4th 37, 42 (2011). In *Clark*, a former employee brought an action against his employer for breach of contract and securities fraud. *Id.* at 42-44. In conjunction with his employment, the former employee had signed a nondisclosure agreement, which included a provision that he would not remove the employer's confidential or privileged information and would return all confidential or privileged information on termination of his employment. *Id.* at 42. The employer moved to disqualify the employee's attorneys who received from plaintiff privileged documents in violation of the employee's nondisclosure agreement, excessively reviewed the documents, and affirmatively employed the documents to pursue plaintiff's lawsuit against the employer. *Id.* at 41. The court of appeal affirmed the disqualification of plaintiff's attorneys under the rule set forth in *Rico*. *Id.* at 54-55.

This case is distinguishable from *Clark* because defendants have not demonstrated that the privileged documents at issue were disclosed by plaintiff in violation of a nondisclosure agreement. Further, *Clark* relies on *Rico* and does not discuss the California authorities cited above that have found disqualification not warranted when attorneys obtained from their own client the opposing party's confidential or privileged information.

The Court is not persuaded that the drastic measure of disqualification is warranted in the circumstances of this case. However, as other courts have noted, the parties could request or agree to employ measures designed to permit plaintiff to use confidential or privileged documents to pursue her claims while protecting against inappropriate disclosure. *See General Dynamics*, 7 Cal. 4th at 1191 ("The use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings, are but some of a

number of measures that might usefully be explored by the trial courts as circumstances warrant."); *see also Chubb & Son v. Superior Court*, 228 Cal. App. 4th 1094, 1105-06 (2014).

**B.   Defendants' Motion for Return of Documents**

Defendants assert that, in addition to the attorney-client privileged documents which she produced, plaintiff took other confidential documents from the City.  Defendants contend that the Court should order plaintiff to return "every single document" "of any kind" that she has taken from the City.  Defendants also request an order that plaintiff and her attorneys provide affirming affidavits that they have returned and/or permanently deleted every single document from all computers and data storage devices.  Dkt. Nos. 37, 41.  Defendants further assert that, in response to defendants' discovery requests, plaintiff has refused to identify or produce the privileged and confidential documents she took from the City.  Dkt. No. 41.  In opposition, plaintiff asserts that defendants were well aware of, authorized, and consented to her removal of City documents.  Dkt. No. 39.

Defendants' request for an order compelling plaintiff and her attorneys to return and/or destroy every document is not supported by relevant authority.  Defendants' reliance on *Clark* is misplaced because plaintiff here did not disclose documents in violation of a nondisclosure agreement and disqualification is not warranted.  Defendants' citation to *Pillsbury, Madison & Sutro v. Schectman*, 55 Cal. App. 4th 1279 (1997) is inapposite as that was an action for specific recovery of personal property and injunctive relief.  Also inapplicable is *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 758 (9th Cir. 1996) which addressed the "after-acquired evidence" defense and the issue of whether an employee's conduct in stealing sensitive personnel files was protected activity under the Age Discrimination in Employment Act.

To the extent defendants seek relief in connection with their discovery requests to plaintiff, they must meet and confer with plaintiff prior to presenting a discovery dispute to the Court by way of a joint letter brief in accordance with the Court's civil standing order.

//

**IV. CONCLUSION**

For the reasons set forth above defendants' motion for disqualification and return of documents is DENIED.

IT IS SO ORDERED.

Date: February 11, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge