Barbara J. Parker, City Attorney, Cal. Bar No. 069722
Otis McGee, Jr., Chief Asst. City Attorney, Cal. Bar No. 71885
Maria Bee, Supervising Attorney, Cal. Bar No. 167716
James F. Hodgkins, Supervising Trial Attorney, Cal. Bar No. 142561
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6135
Facsimile: (510) 238-6500

MEYERS, NAVE, RIBACK, SILVER & WILSON
Camille Hamilton Pating, Cal. Bar No. 122890
E-mail: cpating@meyersnave.com
Geoffrey Spellberg, Cal. Bar No. 121079
E-mail: gspellberg@meyersnave.com
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

VILLARREAL HUTNER PC
Ross Boughton, ESQ., Cal. Bar No. 241119
E-Mail: rboughton@vhattorneys.com
David Lucero, ESQ., Cal. Bar No. 253300
E-Mail: dlucero@vhattorneys.com
575 Market Street, Suite 1700
San Francisco, California 94105
Telephone: (415) 543-4200
Facsimile: (415) 512-7674

Attorneys for Defendants
CITY OF OAKLAND and DEANNA SANTANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARYELLE LAWANNA PRESTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND; DEANNA SANTANA, in her individual capacity; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 14-cv-02022 NC<br><br>**SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANTS CITY OF OAKLAND AND DEANNA SANTANA'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Filed concurrently with Defendants' Administrative Motion To File Certain Documents Under Seal; Declaration of David A. Lucero In Support Thereof] |

{300085922 }

CASE NO. 14-cv-02022 NC        SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANTS
CITY OF OAKLAND AND DEANNA SANTANA'S MOTION FOR
LEAVE TO FILE MOTION FOR RECONSIDERATION

I, David A. Lucero, hereby declare under penalty of perjury as follows:

1. I am over eighteen years of age. I am a Senior Associate with Villarreal Hutner, PC, counsel of record for the City of Oakland in the above-referenced matter. If called upon as a witness, I could and would competently testify to the facts set forth below based on my personal knowledge and/or my review of information kept in the ordinary course of business at or near the time of the act, condition or event. I make this supplemental declaration in support of Defendants City of Oakland (the "City") and Deanna Santana (collectively "Defendants") Notice of Motion and Motion For Leave To File Motion For Reconsideration ("Motion").

2. In Defendants' Motion, Defendants expressed concern that, because Daryelle Lawanna Preston ("Plaintiff") had failed to respond to any of Defendants' inquiries regarding the scope or volume of the documents she failed to return to the City upon termination, Defendants were left to speculate about the scope and confidential and privileged nature of the documents she took and failed to return. As explained further below, recent events have occurred since Defendants' filing of their reply brief in support of their Motion that are relevant to the pending Motion. Defendants respectfully believe that the Court should be made aware of the developments in order to be fully informed for its ruling. Specifically, Plaintiff's counsel has produced copies of at least some of the documents Plaintiff took and failed to return to the City upon her termination. As discussed in more detail below, the portion of the documents reviewed to date[1] make clear that Plaintiff took numerous confidential documents that not only infringe upon the City's rights, but affect third party rights as well. Also, the documents produced by Plaintiff bear zero relevance to her lawsuit. In Defendants' motion, Defendants were left to speculate regarding the potential contents of the documents Plaintiff took. However, now that Defendants have some of the documents (and the documents substantiate Defendants' concerns) Defendants believe they are compelled to update the Court. Defendants will, of course, not object to Plaintiff providing a responsive declaration setting forth her position and explanation for taking the City's confidential documents, most of which are irrelevant to her lawsuit.

---

[1] There is over 5 million KB of data on the CD produced by Plaintiff.

{300085922 }  1
CASE NO. 14-cv-02022 NC           SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANTS
                                  CITY OF OAKLAND AND DEANNA SANTANA'S MOTION FOR
                                  LEAVE TO FILE MOTION FOR RECONSIDERATION

3.	On or about March 30, 2015, Plaintiff served Defendants with "Plaintiff's Response To Defendant City Of Oakland's Requests For Production Of Documents At Deposition."  In response to Defendants' Request No. 1 – which sought "the flash drive [Plaintiff] obtained from the City of Oakland referenced in your Declaration in Opposition to Defendants' Motion to Disqualify" – Plaintiff produced a CD that she states contains "all work related documents on the flashdrive [sic]."  A true and correct copy of "Plaintiff's Response To Defendant City Of Oakland's Requests For Production Of Documents At Deposition" is attached hereto as <u>Exhibit A</u>.

4.	I received a copy of the data on April 8, 2015.  I accessed the data and discovered that the CD Plaintiff produced to Defendants contains approximately 5,065,981 KB of data, including over 40,000 emails sent or received by Plaintiff during a five year period from July 2008 through September 2013.  Although my review of the 5 million KB of data Plaintiff produced is ongoing, I have discovered documents that substantiate Defendants' concerns regarding the existence of privileged and confidential documents contained within the documents Plaintiff took and failed to return.  Included among those documents are numerous attorney-client privileged communications, privileged and confidential closed session reports, and perhaps most troubling, documents that contain confidential and/or private information of third parties.  Some examples are:

- One email exchange discussing a City **employee's suicidal ideations** and steps taken to address concerns for the employee's health, identifying the employee by name (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as <u>Exhibit B</u>)[2];

- One email exchange and related attachments containing City **employees' social security numbers** (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as <u>Exhibit C</u>);

- Two email exchanges discussing City **employees' need for medical accommodation**, identifying the employees by name (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as <u>Exhibit D</u>);

---

[2] Exhibits B through K of this Declaration are heavily-redacted due to the sensitive nature of the information contained therein.  Defendants are concurrently filing an Administrative Motion To File Certain Documents Under Seal to allow this Court to review the complete, un-redacted versions of these documents.

{300085922 }                                                2
CASE NO. 14-cv-02022 NC                    SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANTS
                                           CITY OF OAKLAND AND DEANNA SANTANA'S MOTION FOR
                                           LEAVE TO FILE MOTION FOR RECONSIDERATION

- Excel spreadsheet listing several hundreds of **City employees by name**, position and employee ID number, and stating information regarding their wages (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit E);

- Two email exchanges and their respective attachments reflecting investigations performed by Oakland Policy Department and Oakland Fire Department discussing **threats of violence by one City employee against another**, identifying the employees involved by name (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit F);

- Three **Closed Session Reports** and a **budget report** marked "Privileged and Confidential" (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit G);

- Two **privileged legal memoranda** drafted by the City's internal and external counsel regarding various regulations affecting City employees, expressly indicating that the memoranda are privileged (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit H);

- Six privileged Emails from **City Attorney Barbara Parker** regarding a variety of legal and personnel matters (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit I);

- Five email exchanges discussing **internal complaints** or concerns about City employees, identifying the target employees and witnesses by name (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit J);

- Two **investigation reports of alleged misconduct**, identifying the target employees and witnesses by name (A true and correct copy of a heavily-redacted sampling of these emails, as produced by Plaintiff, is attached hereto as Exhibit K);

5. Prior to producing these records, Plaintiff expressly admitted (both to Defendants and to this Court during the March 16, 2015 conference call regarding the parties' discovery brief) that she had already produced all documents from the City-issued thumb drive that she deemed "relevant" to her lawsuit. By her own admission, therefore, the 5 million KB of data produced on March 30, 2015 are not relevant to Plaintiff's lawsuit. There is no justifiable reason for Plaintiff to maintain these documents given the potential serious consequences including damage to third parties if these documents are disseminated.

6. It should be noted that Plaintiff's discovery response and document production does nothing to satisfy or otherwise render moot Defendants' prayer for relief sought in their pending motion or appeal. In fact, the production underscores the importance of the Motion and the

1  importance of obtaining the return of the documents.  Specifically, (i) Plaintiff remains in

2  wrongful possession of City documents because she only produced a copy of some of the

3  documents; (ii) Defendants are left to trust Plaintiff to determine what documents from the thumb

4  drive are "work related"; (iii) Defendants are left to trust that Plaintiff did not transfer, delete or

5  otherwise tamper with the documents that were once stored on the thumb drive; and (iv)

6  Defendants are left to trust that Plaintiff did not take City documents using any other thumb drive

7  or other form of data storage.[3]

8  I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct of my own personal knowledge except for those matters stated on

10  information and belief and, as to those matters, I believe them to be true. If called as a witness, I

11  could competently testify thereto.

13  Executed on April 17, 2015, at San Francisco, California.

15              *s/ David Lucero*

16              David A. Lucero

---

[3] Also, to the extent Plaintiff implies in her Opposition to Defendants' Motion that she was somehow unaware of the City policies governing her use and dissemination of City documents, Plaintiff's own document production expressly refutes this implication.  In fact, in 2009, **Plaintiff was tasked with updating the Termination Policy** requiring that City employees return all City property upon termination in 2009 (AI 570).  Accordingly, Plaintiff was not only aware of the policy, she was responsible for its implementation.  A true and correct copy of a September 25, 2009 email to Plaintiff is attached hereto as Exhibit L.

{300085922 }  4
CASE NO. 14-cv-02022 NC         SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANTS
                                CITY OF OAKLAND AND DEANNA SANTANA'S MOTION FOR
                                LEAVE TO FILE MOTION FOR RECONSIDERATION