Barbara J. Parker, City Attorney, Cal. Bar No. 069722
Otis McGee, Jr., Chief Asst. City Attorney, Cal. Bar No. 71885
Maria Bee, Supervising Attorney, Cal. Bar No. 167716
James F. Hodgkins, Supervising Trial Attorney, Cal. Bar No. 142561
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6135
Facsimile: (510) 238-6500

MEYERS, NAVE, RIBACK, SILVER & WILSON
Camille Hamilton Pating, Cal. Bar No. 122890
E-mail: cpating@meyersnave.com
Geoffrey Spellberg, Cal. Bar No. 121079
E-mail: gspellberg@meyersnave.com
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

VILLARREAL HUTNER PC
Ross Boughton, ESQ., Cal. Bar No. 241119
E-Mail: rboughton@vhattorneys.com
David Lucero, ESQ., Cal. Bar No. 253300
E-Mail: dlucero@vhattorneys.com
575 Market Street, Suite 1700
San Francisco, California 94105
Telephone: (415) 543-4200
Facsimile: (415) 512-7674

Attorneys for Defendants
CITY OF OAKLAND and DEANNA
SANTANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARYELLE LAWANNA PRESTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND; DEANNA SANTANA, in her individual capacity; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 14-cv-02022 NC<br><br>**CITY OF OAKLAND AND DEANNA SANTANA'S ADMINISTRATIVE MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>[Declaration of David A. Lucero and [Proposed] Order Filed Concurrently Herewith] |

{400085973 }

## NOTICE OF MOTION AND MOTION

Pursuant to Local Rules 7-11 and 79-5, Defendants City of Oakland and Deanna Santana (collectively "Defendants") hereby bring this administrative motion (the "Motion") for an order permitting Defendants to file under seal Exhibits B through K to the Supplemental Declaration of David A. Lucero in Support of Defendant's Motion For Leave To File Motion For Reconsideration ("Lucero Declaration").  Good cause exists to grant Defendants' Motion because these documents are attorney-client privileged and/or contain confidential third party information.  Since there is little question about the privileged or confidential nature of the documents at issue here, Defendants assert that these documents should be filed under seal when submitted to the Court in furtherance of their now-pending Motion For Leave to File Motion For Reconsideration.

This motion is supported by the attached Declaration of David A. Lucero in Support of Defendants' Motion ("Lucero Declaration").

DATED: April 17, 2015						Respectfully submitted,
								CITY OF OAKLAND

								  /s/   Otis McGee, Jr.
								Barbara J. Parker
								Otis McGee, Jr.
								Maria Bee
								James F. Hodgkins
								Attorneys for Defendants

DATED: April 17, 2015						Respectfully submitted,
								MEYERS, NAVE, RIBACK, SILVER & WILSON

								  /s/   Geoffrey Spellberg
								Camille Hamilton Pating
								Geoffrey Spellberg
								Attorneys for Defendants

DATED: April 17, 2015						Respectfully submitted,
								VILLARREAL HUTNER PC

								  /s/   Ross Boughton
								Ross Boughton
								David Lucero
								Attorneys for Defendants

{400085973 }                                   1
CASE NO. 14-cv-02022 NC        CITY OF OAKLAND AND DEANNA SANTANA'S ADMINISTRATIVE
                               MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO
                               FILE CERTAIN DOCUMENTS UNDER SEAL

I.     **MEMORANDUM OF POINTS AND AUTHORITIES**

    A.     **Plaintiff Continues To Possess Documents Belonging To The City That She Failed To Return Upon Termination.**

Daryelle Lawanna Preston ("Plaintiff") is the former Director of Employee Relations for the City of Oakland ("the City").[1]  As discussed in more detail in Defendants' Motion To Disqualify Plaintiff's Attorneys And For Return Of Documents ("Motion to Disqualify") and Defendants' Motion For Leave To File Motion For Reconsideration ("Motion for Reconsideration"), Plaintiff admits that, upon her termination, she removed and failed to return City documents she acquired by virtue of her employment with the City.

Since the City became aware that Plaintiff had removed City documents using at least one City-issued thumb drive, Defendants repeatedly requested that Plaintiff identify the scope and nature of the documents that she continues to wrongfully possess.  Plaintiff refused these requests and Defendants were forced to file the Motion to Disqualify.[2]  On February 11, 2015, the District Court issued an order denying Defendants' Motion to Disqualify in its entirety.  On March 13, 2015, Defendants filed a Motion For Reconsideration.  The Motion for Reconsideration is fully briefed and is currently pending before this Court.

    B.     **March 30, 2015:  Plaintiff Produces A Copy Of Some Of The City Documents, Substantiating Defendants' Concerns That Plaintiff Continues To Possess Highly Privileged And Confidential City Documents.**

On March 30, 2015, Plaintiff served Defendants with a discovery response stating she would produce a copy of *some* of the documents she downloaded onto one of her City-issued thumb drives, but she limited her production to documents she deemed "work related."[3]

---

[1] The City and individual defendant Deanna Santana are collectively referred to as "Defendants."

[2] Contemporaneous to Defendants' filing their Motion to Disqualify, Defendants also filed an Administrative Motion To File Certain Documents Under Seal.  This Court granted Defendants' Administrative Motion on February 11, 2015.  The good cause justifying Defendants' initial Administrative Motion was based on the same set of facts and privacy concerns that form the basis for Defendants' instant Administrative Motion.

[3] This production does not satisfy the relief Defendants seek through their Motion for

1   As discussed in more detail in the accompanying Declaration of David Lucero, the
2   production contained numerous privileged and/or confidential documents, substantiating the
3   concerns raised by Defendants in their Motion for Reconsideration and Defendants believe the
4   Court should have access to this newly-discovered information when ruling on their Motion. The
5   examples Defendants wish to present to this Court for review in connection with their Motion are:

- One email exchange discussing a City **employee's suicidal ideations** and steps taken to address concerns for the employee's health, identifying the employee by name (Lucero Decl., Exhibit B);

- One email exchange and related attachments containing City **employees' social security numbers** (Id. at Exhibit C);

- Two email exchanges discussing City **employees' need for medical accommodation**, identifying the employees by name (Id. at Exhibit D);

- Excel spreadsheet listing several hundreds of **City employees by name**, position and employee ID number, and stating information regarding their wages (Id. at Exhibit E);

- Two email exchanges and their respective attachments reflecting investigations performed by Oakland Policy Department and Oakland Fire Department discussing **threats of violence by one City employee against another**, identifying the employees involved by name (Lucero Decl., Exhibit F);

- Three **Closed Session Reports** and a **budget report** marked "Privileged and Confidential" (Id. at Exhibit G);

- Two **privileged legal memoranda** drafted by the City's internal and external counsel regarding various regulations affecting City employees, expressly indicating that the memoranda are privileged (Id. at Exhibit H);

- Six privileged Emails from **City Attorney Barbara Parker** regarding a variety of legal and personnel matters (Id. at Exhibit I);

- Five email exchanges discussing **internal complaints** or concerns about City employees, identifying the target employees and witnesses by name (Id. at Exhibit J);

- Two **investigation reports of alleged misconduct**, identifying the target employees and witnesses by name (Id. at Exhibit K);

---

Reconsideration because: (i) Plaintiff remains in possession of City documents because she only produced a copy of some of the documents; (ii) Defendants are left to trust Plaintiff to determine what documents are "work related"; (iii) Defendants are left to trust that Plaintiff did not transfer, delete or tamper with any of the documents on the thumb drive; and (iv) Plaintiff has not made clear if the thumb drive was the only method by which she took City documents.

{400085973 }                                              3
CASE NO. 14-cv-02022 NC            CITY OF OAKLAND AND DEANNA SANTANA'S ADMINISTRATIVE
                                   MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO
                                   FILE CERTAIN DOCUMENTS UNDER SEAL

1  The redacted copies of these documents will be attached as Exhibits B through K of the Lucero Declaration in support of Defendants' Motion for Reconsideration.  By this administrative request, Defendants seek to seal Lucero Exhibits B through K.  Full, un-redacted copies of the documents are being submitted to the Court in camera.

**II.  GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION**

A party seeking to file documents under seal must articulate a specific factual basis supported by the appropriate factors to overcome the public's "general right to inspect and copy public records and documents, including judicial records and documents."  <u>Kamkana v. City and County of Honolulu</u>, 447 F. 3d 1 172, 1 178 (9th Cir. 2006).  "Good cause" is generally required when the information to be sealed is attached to a non-dispositive motion."  *See* <u>AmerGen Energy Company, LLC v. U.S</u>., 115 Fed. Cl. 132, 137-38 (2014).

Good cause exists to grant Defendants' Motion.  The materials sought to be sealed are attorney-client privileged and/or confidential communications that Defendants are seeking to have returned and not used (further) by Plaintiff or her attorneys.  The attorney-client communications (Exhs. G-I) are privileged and should not be publicly available.  Courts have held that filing privileged documents under seal is the appropriate method of presenting such documents to the court.  *See* <u>Curto v. Medical World Communications, Inc</u>., 2011 WL 1793259 (E.D.N.Y. May 11, 2011).  Defendants will be greatly prejudiced if these communications containing Defendants' legal analysis were available in the public record.  Such a result, in fact, would be defeat the purpose of this Motion, which is to protect against and remedy the wrongful disclosure of privileged documents.  Exhibits G, H and I fall squarely within that privilege.[4]  It is clear that each of these documents are not, and never will be, public records.  Gov. Code, § 6254, subd. (k).

With regard to the remaining documents (Exhs. B-F, J, K), the documents are, by their very nature, confidential and the sole purpose for providing them to this Court is to provide examples of

---

[4] Exhibits G and H are marked as "Privileged" on the face of the documents, and Exhibit I is comprised of communications to or from City Attorney Barbara Parker regarding legal opinions.

{400085973 }  4
CASE NO. 14-cv-02022 NC           CITY OF OAKLAND AND DEANNA SANTANA'S ADMINISTRATIVE
                                  MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO
                                  FILE CERTAIN DOCUMENTS UNDER SEAL

1  the materials Plaintiff took and the importance of obtaining their return.  *See* Phillips v. General

2  Motors, Corp., 307 F. 3d 1206, 1211 (9th Cir. 2002) (holding that FRCP Rule 26(c) authorizes the

3  district court to issue "any order which justice requires to protect a party or person from annoyance,

4  embarrassment, oppression or undue burden").  All of the documents contain confidential

5  information regarding third parties that should be protected and not disclosed to the public.

6       Although these documents are privileged and/or confidential, they must be provided to the

7  Court under seal for the Court to evaluate the documents and rule on Defendants' Motion for

8  Reconsideration.  However, Defendants are not waiving the privilege.  Accordingly, even though

9  the documents have been filed, good cause exists for the Court to grant this Administrative Motion.

10  **III.    RELIEF REQUESTED**

11       Defendants therefore respectfully request an order from the Court allowing Defendants to

12  file under seal Exhibits B through K to the Lucero Declaration.

13  DATED: April 17, 2015                    Respectfully submitted,
                                             CITY OF OAKLAND

                                              */s/   Otis McGee, Jr.*
                                             Barbara J. Parker
                                             Otis McGee, Jr.
                                             Maria Bee
                                             James F. Hodgkins
                                             Attorneys for Defendants

    DATED: April 17, 2015                    Respectfully submitted,
                                             MEYERS, NAVE, RIBACK, SILVER & WILSON

                                              */s/   Geoffrey Spellberg*
                                             Camille Hamilton Pating
                                             Geoffrey Spellberg
                                             Attorneys for Defendants

    DATED: April 17, 2015                    Respectfully submitted,
                                             VILLARREAL HUTNER PC

                                              */s/    Ross Boughton*
                                             Ross Boughton
                                             David Lucero
                                             Attorneys for Defendants

{400085973 }                                 5
CASE NO. 14-cv-02022 NC         CITY OF OAKLAND AND DEANNA SANTANA'S ADMINISTRATIVE
                                MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES TO
                                FILE CERTAIN DOCUMENTS UNDER SEAL