1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8         NORTHERN DISTRICT OF CALIFORNIA
9

10   DARYELLE LAWANNA PRESTON,
11              Plaintiff,                    Case No.14-cv-02022-NC
12        v.                                  **ANNOTATED JURY**
                                              **INSTRUCTIONS RE: CLAIMS AND**
13   CITY OF OAKLAND, DEANNA                  **DAMAGES**
     SANTANA,
14              Defendants.
15

16  **I.      Preston's First Amendment Claim Against Santana**

17      **A.     Section 1983 Claim Against Santana In Individual Capacity—Elements**

18           Preston's claim for violation of her right to First Amendment free speech under 42

19   U.S.C. § 1983 is made solely against defendant Santana.  In order to prevail on her § 1983

20   claim against Santana, Preston must prove each of the elements by a preponderance of the

21   evidence:

22           (1) Santana acted under color of law;

23           (2) Santana's acts deprived Preston of her rights under the United State Constitution

24               as explained in later instructions.

25       A person acts "under color of law" when the person acts or purports to act in the

26   performance of official duties under any state, county, or municipal law, ordinance or

27   regulation.

28           If you find Preston has proved each of these elements, and if you find that Preston

     Case No.:14-cv-02022-NC

United States District Court
Northern District of California

proved all the elements she is required to prove under Instruction V.B., your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for Santana.

**Authority:** Ninth Circuit Model Instructions (Civil) 9.2

### B.    First Amendment Retaliation—Elements

As previously explained, Preston has the burden to prove that Santana deprived Preston of particular rights under the United States Constitution.  In this case, Preston alleges Santana deprived her of her rights under the First Amendment to the Constitution when Santana terminated Preston in retaliation for Preston's protected speech.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern.  In order to prove Santana deprived Preston of this First Amendment right, Preston must prove the following additional elements by a preponderance of the evidence:

(1) Preston spoke as a citizen and not as part of her official duties;

(2) the speech was on a matter of public concern;

(3) Santana took an adverse employment action against the Preston; and

(4) Preston's speech was a substantial or motivating factor for the adverse employment action.

[I instruct you that Preston's speech was on a matter of public concern, and, therefore, the second element requires no proof.]

I also instruct you that Preston's termination was an adverse employment action, and, therefore, the third element requires no proof.

**Authority:** Ninth Circuit Model Instructions (Civil): 9.9; 10.4A.1 Comment ("Actions such as firing and demoting are adverse employment actions for purposes of a retaliation claim").

I will now give you more details about these elements:

As to the first element, a public employee's speech is not protected by the First Amendment when it is made pursuant to the employee's official duties.  To determine

United States District Court
Northern District of California

whether Preston spoke as a private citizen or a public employee, you may consider three factors: (a) whether Preston's speech was made within Preston's chain of command; (b) if Preston's speech reflected broad concerns about corruption or systemic abuse outside her professional duties, then it is more likely private speech; (c) if Preston's speech was made in direct contravention to a supervisor's orders, then it is more likely private speech.

**Authority:** *Dahlia v. Rodriguez*, 735 F.3d 1060, 1074-75 (9th Cir. 2013).

As to the fourth element, a substantial or motivating factor is a significant factor. Preston can demonstrate the fourth element in three ways: (a) proximity in time between the protected speech and her termination; (b) evidence that Santana expressed opposition to Preston's speech, either to Preston or others; or (c) evidence that Santana's proffered explanations for Preston's termination were false and pre-textual.

**Authority:** *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003).

If Preston proves those four elements by a preponderance of evidence, then Santana may defeat Preston's retaliation claim by proving the following by a preponderance of the evidence:

(5)     Santana had adequate justification for treating Preston differently from other members of the general public; and

(6)     Santana would have terminated Preston even absent the protected speech.

On the fifth and sixth elements, Santana may avoid liability for Preston's termination by showing that Santana would have reached the same decision to terminate Preston even in the absence of Preston's protected speech.

**Authority:** *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013); *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1103 (9th Cir. 2011).

### C.     Evidence You May Not Consider

Although the parties may present evidence that Preston was acting as a private citizen during the March 6, 2012, Oakland City Council meeting, the Court has already determined that Preston's speech was not private speech.  Therefore, you are instructed not to consider this incident in your analysis of Preston's First Amendment claim.

**Authority:** Court's Summary Judgment Order, Dkt. No. 99.

**II.     Preston's California Labor Code Claim Against the City of Oakland**

    **A.     California Labor Code Claim—Elements**

       Preston claims that the City of Oakland terminated her in retaliation for Preston's disclosure of information and refusal to participate in unlawful acts.  In order to establish this claim, Preston must prove all of the following:

    (1) That the City of Oakland was Preston's employer;

    (2) That the City of Oakland believed that Preston:

        a.     Disclosed to Santana that the proposed Rainbow Teen Center report was racially discriminatory; OR

        b.     Disclosed to Santana, and/or the City Attorney, and/or City Councilmember Desley Brooks that Fire Chief Reed was bargaining and entering into union agreements without approval from the City Council; OR

        c.     Disclosed to the City Council and/or Sandre Swanson that the Service Employees International Union ("SEIU") had filed a grievance regarding the non-collection of union dues from temporary part-time employees.

   OR that Preston:

        a.     Refused to include language in the proposed RTC report regarding Desley Brooks that she believed was racially discriminatory; OR

        b.     Provided information to the City Council on March 6, 2012 regarding hiring at the Rainbow Teen Center contrary to Santana's order; OR

        c.     Refused to participate in unauthorized bargaining and agreements without approval from the City Council; OR

        d.     Refused Santana's orders not to disclose to the City Council the grievance over the City's failure to collect union dues.

    (3) That Preston had reasonable cause to believe any of the above information disclosed or activities refused were violations or non-compliance with the law;

(4) That the City of Oakland terminated Preston;

(5) That Preston's disclosure of information and/or refusal to participate in these activities was a contributing factor in the City of Oakland's decision to discharge Preston;

(6) That Preston was harmed; and

(7) That the City of Oakland's conduct was a substantial factor in causing Preston's harm.

The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected. Instead, Preston must have reasonably believed that the City of Oakland's policies violated federal, or state rules, or regulations.

It is not Preston's motivation for her disclosure, but only the content of that disclosure, that determines whether the disclosure is protected. A disclosure is protected even though disclosing the information may be part of Preston's job duties.

**Authority**: CACI 2730

### B.    City of Oakland's Defense

If Preston proves that her disclosure of information or refusal to participate in an unlawful act was a contributing factor to her termination, the City of Oakland is not liable if it proves by clear and convincing evidence that it would have terminated Preston anyway for legitimate, independent reasons.

**Authority:** CACI 2731

### III.  Damages

It is the duty of the Court to instruct you about the measure of damages. The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order. It is for you to determine what damages, if any, have been proved. You must consider the damages for each claim separately.

**Authority:** Ninth Circuit Model Instructions (Civil): 9.1

United States District Court
Northern District of California

## A.    First Amendment Claim—Damages

If you find for Preston, you must determine Preston's damages.  Preston has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Preston for any injury you find was caused by Santana.  You should consider the following:

(1) The emotional pain and suffering experienced;

(2)  The reasonable value of wages, earnings, earning capacity, salaries, and employment lost to the present time;

(3) The reasonable value of wages, earnings, earning capacity, salaries, and employment which with reasonable probability will be lost in the future.

The only damages you may award are those that I expressly authorize in my instructions to you.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:** Ninth Circuit Model Instructions (Civil): 5.1; 5.2

### 1.  Nominal Damages

The law which applies to this case authorizes an award of nominal damages.  If you find for Preston but you find that Preston has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Authority:** Ninth Circuit Model Instructions (Civil): 5.6

### 2.  Punitive Damages

If you find for Preston on the First Amendment claim against Santana, you may, but are not required to, award punitive damages against Santana. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Preston has the burden of proving by a preponderance of the evidence that punitive

United States District Court
Northern District of California

damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Santana's conduct that harmed Preston was malicious, oppressive or in reckless disregard of Preston's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of Preston's rights if, under the circumstances, it reflects complete indifference to Preston's safety or rights, or if Santana acts in the face of a perceived risk that its actions will violate Preston's rights under federal law. An act or omission is oppressive if Santana injures or damages or otherwise violates the rights of Preston with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Preston.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Santana's conduct.

Punitive damages may not be awarded against the City of Oakland. Punitive damages may be awarded even if you award Preston only nominal, and not compensatory, damages.

**Authority:** Ninth Circuit Model Instructions (Civil): 5.5

### B.    California Labor Code Claim—Damages

If you decide that Preston has proved her claim against the City of Oakland you also must decide how much money will reasonably compensate Preston for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by the City of Oakland's wrongful conduct, even if the particular harm could not have been anticipated.

Preston does not have to prove the exact amount of damages that will provide

United States District Court
Northern District of California

1  reasonable compensation for the harm. However, you must not speculate or guess in

2  awarding damages.

3      The following are the specific items of damages claimed by Preston:

4

5  **Authority:** CACI 3900

6      **1. Economic Damage**

7      The following are the specific items of economic damages claimed by Preston:

8

9      To recover damages for past lost earnings, Preston must prove the amount of

10  earnings she has lost to date.  To recover damages for future lost earnings, Preston must

11  prove the amount of earnings she will be reasonably certain to lost in the future as a result

12  of this injury.

13  **Authority:** CACI 3903; 3903C

14      **2. Noneconomic Damage- Emotional Distress**

15      No fixed standard exists for deciding the amount of these noneconomic damages.

16  You must use your judgment to decide a reasonable amount based on the evidence and

17  your common sense.

18  **Authority:** CACI 3905A

19

20      **IT IS SO ORDERED.**

21

22  Dated:  September 13, 2015          _____

23                                      NATHANAEL M. COUSINS
                                        United States Magistrate Judge

24

25

26

27

28

United States District Court
Northern District of California