UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARYELLE LAWANNA PRESTON,

Plaintiff,

v.

CITY OF OAKLAND,

Defendant.

Case No. 14-cv-02022 NC

**FINAL JURY INSTRUCTIONS**

## I.    Introduction

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Case No. 14-cv-02022 NC

1    In following my instructions, you must follow all of them and not single out some

2    and ignore others; they are all important.

3    **II.    Summary of the Claims and Defenses in this Case**

4        I will give you a brief review of the positions of the parties:

5        Daryelle Lawanna Preston claims that Deanna Santana, acting on behalf of the City

6    of Oakland, retaliated against Preston in violation of the California Labor Code, by

7    terminating Preston's employment after Preston disclosed or refused to participate in an act

8    that she reasonably believed violated a state or federal law.  Four disclosures or refusals

9    are at issue:

10       (1)    Preston claims that she refused to add language to the Rainbow Teen Center

11              report, referring Desley Brooks for prosecution, because she believed that

12              doing so would be illegal racial discrimination, or

13       (2)    Preston claims that she refused to confirm Santana's statement to

14              Councilmember Desley Brooks at the March 6, 2012, City Council meeting,

15              because she believed that doing so would be committing perjury, or

16       (3)    Preston claims that she disclosed that the City of Oakland was entering into

17              contracts with Firefighters' Local 55 without the necessary approval from

18              City Council, because she believed that doing so would be a violation of the

19              California Government Code, or

20       (4)    Preston claims that she disclosed that the City of Oakland was failing to

21              collect temporary part-time employees' union dues, because she believed

22              that the failure was a violation of the California Government Code.

23       The City of Oakland denies Preston's claims, and the City of Oakland says that

24    Preston was terminated for legitimate reasons having nothing to do with any alleged

25    disclosures of or refusals to participate in violations of state or federal law.  According to

26    the City of Oakland, Preston was terminated because she was not performing her job duties

27    adequately.

28    /

Case No. 14-cv-02022 NC         2

United States District Court
Northern District of California

1   The claims presented now are different than the claims stated at the beginning of the

2   case.  There is no longer a claim being presented against Deanna Santana under Section

3   1983, based on the First Amendment right to free speech.  Therefore, you are no longer

4   being asked to determine that claim.  You should not speculate as to the reasons why.  The

5   fact that you are not determining that claim should have no bearing on your determination

6   of liability and damage on the California Labor Code claim against the City of Oakland.

7   You must base your decision only on the evidence presented at trial and the law that I am

8   about to provide you.

9   **III.  Burden of Proof**

10   **A.   Preponderance of the Evidence**

11   Proof by a preponderance of the evidence means proof that something is more

12   likely than not.  It means that certain evidence, when compared to the evidence opposed to

13   it, has the more convincing force and makes you believe that something is more likely true

14   than not.  Preponderance of the evidence does not depend on the number of witnesses.  If

15   the evidence on any particular point is evenly balanced, the party having the burden of

16   proof has not proved that point by a preponderance of the evidence, and you must find

17   against the party on that point.

18   In deciding whether any fact has been proved by a preponderance of the evidence,

19   you may, unless I tell you otherwise, consider the stipulated facts and the testimony of all

20   witnesses regardless of who called them, and all exhibits received into evidence regardless

21   of who produced them.

22   **B.   Clear and Convincing Evidence**

23   Clear and convincing evidence is a stricter standard of proof than proof by a

24   preponderance of the evidence.  To establish proof by clear and convincing evidence

25   means to prove something that is highly probable, reasonably certain, and free from

26   serious doubt.

27   //

28

## IV.  Evidence

### A.   Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of: (1) the sworn testimony of any witness; (2) the exhibits received into evidence; and (3) any facts to which the lawyers have agreed.

#### 1.  Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.  In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

#### 2.  Expert Witnesses

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.  The expert witnesses who testified in this case are Margo Ogus and Mark Cohen.

1    An expert witness may be asked to assume that certain facts are true and to give an

2 opinion based upon that assumption.  This is a hypothetical question.  If you determine that

3 any fact assumed in such a question has not been established by the evidence, you should

4 determine the effect of the failure to establish that fact upon the value of an opinion based

5 on that fact.

### 3.  Deposition in Lieu of Live Testimony

7    A deposition is the sworn testimony of a witness taken before trial.  The witness is

8 placed under oath to tell the truth and lawyers for each party may ask questions.  The

9 questions and answers are recorded.

10    You should consider deposition testimony, presented to you in court in lieu of live

11 testimony in the same way as if the witness had been present to testify. The following

12 deposition testimony was presented to you in court in lieu of live testimony: Joe Keffer.

### 4.  Charts and Summaries Not Received in Evidence

14    Certain charts and summaries not received in evidence have been shown to you in

15 order to help explain the contents of records, documents, or other evidence in the case.

16 They are not themselves evidence or proof of any facts.  If they do not correctly reflect the

17 facts or figures shown by the evidence in the case, you should disregard these charts and

18 summaries and determine the facts from the underlying evidence.

### B.    Things You May Not Consider

20    In reaching your verdict, you may consider only the testimony and exhibits received

21 into evidence.  Certain things are not evidence, and you may not consider them in deciding

22 what the facts are.  I will list them for you:

23    (1) Arguments and statements by lawyers who are not witnesses are not evidence.

24 The lawyers representing the parties during the trial are not witnesses.  What they have

25 said in their opening statements, closing arguments, and at other times is intended to help

26 you interpret the evidence, but it is not evidence.  If the facts as you remember them differ

27 from the way the lawyers have stated them, your memory of them controls.

28 /

United States District Court
Northern District of California

United States District Court
Northern District of California

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### C.    Types of Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

### D.    Evidence in Electronic Format

The video of the March 6, 2012, City Council Meeting will be provided to you in electronic form, and you will be able to view it in the jury room on a computer.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer.  You will also be provided with a paper list of all exhibits received in evidence.  If you need additional equipment or supplies, you may make a request by sending a note.

/

Case No. 14-cv-02022 NC                6

1    In the event of any technical problem, or if you have questions about how to operate
2    the computer, you may send a note to the courtroom deputy, signed by the presiding juror
3    or by one or more members of the jury. Be as brief as possible in describing the problem
4    and do not refer to or discuss any exhibit you were attempting to view.

5    If a technical problem or question requires hands-on maintenance or instruction, a
6    court technician may enter the jury room with the courtroom deputy present for the sole
7    purpose of assuring that the only matter that is discussed is the technical problem. When
8    the court technician or any non-juror is in the jury room, the jury shall not deliberate. No
9    juror may say anything to the court technician or any non-juror other than to describe the
10    technical problem or to seek information about operation of equipment. Do not discuss
11    any exhibit or any aspect of the case.

12    The sole purpose of providing the computer in the jury room is to enable jurors to
13    view the exhibits received in evidence in this case. You may not use the computer for any
14    other purpose. At my direction, technicians have taken steps to make sure that the
15    computer does not permit access to the Internet or to any "outside" website, database,
16    directory, game, or other material. Do not attempt to alter the computer to obtain access to
17    such materials. If you discover that the computer provides or allows access to such
18    materials, you must inform me immediately and refrain from viewing such materials. Do
19    not remove the computer or any electronic data from the jury room, and do not copy any
20    such data.

### V.   Preston's California Labor Code Claim Against the City of Oakland

#### A.   California Labor Code Claim—Elements

23    Preston claims that Santana, acting on behalf of the City of Oakland, terminated
24    Preston in retaliation for her disclosure of information and refusal to participate in
25    unlawful acts. In order to establish this claim, Preston must prove all of the following:

26    (1) That the City of Oakland was Preston's employer;

27    (2) That Santana, acting on behalf of the City of Oakland, believed that Preston
28        disclosed information or refused to participate in acts;

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (3) That Preston had reasonable cause to believe were violations of or non-

2   compliance with the law;

3   (4) That Santana, acting on behalf of the City of Oakland, terminated Preston;

4   (5) That Preston's disclosure of information and/or refusal to participate in these

5   activities was a contributing factor in City of Oakland's decision to discharge

6   Preston;

7   (6) That Preston was harmed; and

8   (7) That Santana's conduct, acting on behalf of the City of Oakland, was a

9   substantial factor in causing Preston's harm.

10   The disclosure of policies that an employee believes to be merely unwise, wasteful,

11   gross misconduct, or the like, is not protected.  Instead, Preston must have reasonably

12   believed that City of Oakland's policies violated federal or state rules or regulations.

13   It is not Preston's motivation for her disclosure, but only the content of that

14   disclosure, that determines whether the disclosure is protected.  A disclosure is protected

15   even though disclosing the information may be part of Preston's job duties.

16   **B.     City of Oakland's Defense**

17   If Preston proves that her disclosure of information or refusal to participate in an

18   unlawful act was a contributing factor to her termination, the City of Oakland is not liable

19   if it proves by clear and convincing evidence that it would have terminated Preston anyway

20   for legitimate, independent reasons.

21   **VI.  Damages**

22   It is the duty of the Court to instruct you about the measure of damages.  The fact

23   that I am instructing you about the proper measure of damages should not be considered as

24   my suggesting which party is entitled to your verdict in this case.  Instructions about the

25   measure of damages are given for your guidance only if you find that a damages award is

26   in order.  It is for you to determine what damages, if any, have been proved.

27   If you decide that Preston has proved her claim against the City of Oakland you also

28   must decide how much money will reasonably compensate Preston for the harm.  This

Case No. 14-cv-02022 NC            8

compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by City of Oakland's wrongful conduct, even if the particular harm could not have been anticipated.

Preston does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Preston: (1) economic damage; and (2) emotional distress damage (noneconomic damage).

**1. Economic Damage**

The following are the specific items of economic damages claimed by Preston:

- Past lost earnings
- Future lost earnings
- Future pension plan benefits

To recover damages for past lost earnings, Preston must prove the amount of earnings she has lost to date.  To recover damages for future lost earnings and future pension plan benefits, Preston must prove the amount of earnings she will be reasonably certain to lose in the future as a result of this injury.

If you decide that Preston's harm includes future economic damages for loss of earnings and/or loss of pension plan benefits, then the amount of those future damages must be reduced to their present cash value.  This is necessary because money received now will, through investment, grow to a larger amount in the future.  The City of Oakland must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Preston with the amount of her future damages.

You may consider expert testimony in determining the present cash value of future economic damages.

/

United States District Court
Northern District of California

### 2.  Noneconomic Damage- Emotional Distress

Preston is seeking noneconomic damages for mental and emotional distress, but she is not seeking damages for psychiatric harm.  No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

### VII. Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

/

Case No. 14-cv-02022 NC                    10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## VIII.  The Jury's Duty To Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

//

1     A verdict form has been prepared for you.  After you have reached unanimous

2  agreement on a verdict, your presiding juror will fill in the form that has been given to you,

3  sign and date it, and will advise the Court that you are ready to return to the courtroom.

5  **IT IS SO ORDERED.**

7  Dated:  September 21, 2015                    _____

8                                                         NATHANAEL M. COUSINS
                                                          United States Magistrate Judge